WILLIAM C. PITTS AND OTHERS V. JAMES BOOTH, GUARDIAN.

A failure of the Assessor and Collector to post a list of delinquent taxables, as prescribed by the Statute, is a fatal objection to a tax title.

See what is said in this case as to land being taxed in the name of the present owner, instead of in the name of the original grantee.

Lands held by survey of conditional certificates are not taxable, and a tax sale of such lands is therefore void.

The Act of February 4th, 1854, authorized the County Commissioners to issue unconditional certificates of headright to the assignees of conditional certificates; and a stranger cannot object that an unconditional certificate so issued, was unlawful, on the ground that it was based upon an assignment of the conditional certificate, which was forbidden by law.

Where, in a suit respecting real estate, the plaintiff hath an inchoate title at the commencement of the suit, which is perfected in a patent before the trial, it is no objection to the admission of the patent in evidence, that it issued after the suit was commenced.

Appeal from Guadalupe.

*J. Ireland*, for appellants.

*Thornton*, for appellee.

LIPSCOMB, J.   This suit was brought by the appellee, as guardian, against the defendants, to recover six hundred and forty acres of land, granted to his wards as the heirs of Edward Dickinson, who was the assignee of George W. Edwards. The title commenced by a constitutional headright certificate

to Edwards, issued by the Board of Land Commissioners of Bexar county. In 1842, Edwards makes an unconditional deed in fee, with warranty, of the land so by him held by a constitutional certificate, to Edward Dickinson. The conditional certificate to Edwards was, by the Board of Land Commissioners for Gonzales county, made the ground of the unconditional certificate to the heirs of Edward Dickinson, on the 28th of August, A. D., 1854, on which last certificate the patent issued from the General Land Office to the heirs of Dickinson, on the 18th day of October, 1855. Edward Dickinson, the ancestor of the plaintiff's wards, had died in 1848, and hence the unconditional certificate and the patent were issued to his heirs.

The defendants in the Court below set up possession and permanent improvements in good faith under a tax title for taxes assessed to George W. Edwards for the assessment of 1848. On the trial the Judge charged the jury that they could regard the tax title, on the question of improvements made under a possession in good faith, but not as giving title to the defendants. This charge is believed to be fully as favorable to the defendants as the law would authorize. The defendants, though they assigned this ruling of the Court as error, have not in their brief attempted to sustain the validity of the tax title. The Court erred in this charge, because, if the tax title was invalid, it could give no equity to the holder, and was not a ground on which he could support his suggestion of improvements in good faith; and so this Court decided in Robson v. Osborn, 13 Tex. R. 298. The plaintiff, however, has not appealed.

It is evident that the tax title wanted validity on several grounds. First, the sale was on an assessment to Edwards, when Edwards never held anything more than a conditional headright certificate for the land ; and secondly the list of defaulters in paying the assessment was not posted up as required by law ; and lastly, the land was not taxable until the uncon-

ditional certificate was given by the Board of Land Commissioners in August, 1854, to the heirs of Edward Dickinson, as assignee of Edwards. It is not believed that lands are taxable before a grant or patent has issued, with the exception of those held by certificate and survey, ready to demand a patent. The tax law of 1846, in directing the duties of the Assessors of taxes in ascertaining taxable property not returned, uses the following language: "If lands, it shall be described by the "number of the tract, quantity of acres, and to whom patented, "or to whom surveyed for patent." (Art. 3097, Hart. Dig.) The same language is used in the assessment law of 1848, (Art. 3137, Hart. Dig.,) under which the land in controversy was assessed to Edwards, and sold for ninety cents, the tax due, and one dollar costs. The law sustaining such sale and the validity the title made under it, ought to be strictly pursued. It is true, the law makes the title of the Assessor and Collector *prima facie* evidence that the requisites of the law have been observed; and however hard it operates upon non-resident owners and minor heirs, it must be sustained.

In the assignment of errors it is alleged that the Court ruled the defendant to the burthen of proof to show that the Assessor had complied with the law. It would have been wrong to have so ruled; but we do not find this charge sustained by the record.

The appellants argue that the Court below erred in admitting the patent as evidence, because that, First, it is shown on its face, that it was illegal, being issued in favor of the heirs of an assignee of a conditional headright certificate, whereby law, such certificates were not assignable. The Act of 4th February, 1854, entitled an Act to authorize the County Courts to issue unconditional headright certificates, when conditional certificates only have issued, in the 4th Section, expressly authorizes the issuance to assignees of conditional certificates, an unconditional one, on the making certain proof, which proof we must presume was made in the case under consideration.

Another objection to the reading the patent, made by the appellant, is, that it was not issued until after the commencement of this suit. The objection would be good if the issuance of the patent gave the right of action. But where the right of action existed before, and the patent only affords more conclusive evidence of the right, its introduction was proper enough, particularly when the patent issued upon evidence of a right existing before the commencement of this suit. The unconditional headright certificate was issued in this case before the commencement of this suit; and this would have authorized the guardian to have sued. The issuance of the patent merged the certificate. If the patent had not issued, the certificate would have been evidence that the right had existed at and before the commencement of this suit. The judgment is affirmed.

Judgment affirmed.