## HUBBARD G. HATCHETT v. JOHN CONNER ET UX.

By the 9th section of the common-law act of 1840 it is declared, that the husband may sue either alone or jointly with his wife for the recovery of any of the effects of the wife. (Paschal's Dig., Art. 4636, Note 1043.) The wife seems to be an unnecessary party.

Where the husband had sued, as next friend of the wife, to recover land which belonged to her, it was not error to allow an amendment by which the wife was made a formal party, since it was optional whether she was joined or not, and their joinder by amendment was immaterial.

The right to amend the pleadings, when not forbidden by statute, is within the sound discretion of the court, and its exercise will not in general be revised. (Paschal's Dig., Art. 54, Note 243.)

A translation of a Spanish title is only admissible in evidence upon the hypothesis that the original, if produced, would be legal evidence. (Paschal's Dig., Art. 70, Note 250.)

If the *testimonio* or second original be relied on, its execution must be proved. (Paschal's Dig., Art. 70, Note 250.)

The fact that the *testimonio* had been deposited in the land office, for the purpose of being recorded, did not authorize the commissioner to certify a copy. He could only certify copies of all records properly in his office. (Paschal's Dig., Art. 3715, Note 839.)

Where the court, in the general charge, had already substantially given the instruction asked, it was not error to refuse its repetition. (Paschal's Dig., Art. 1464, Note 562.)

Where the husband joins the wife in a suit to recover her separate property, if the proof be that the property belongs to the husband, they cannot recover. (Paschal's Dig., Art. 4636, Note 1043.)

Where the conveyance is to the wife, and it is proved that the husband knew it, and acquiesced in it, the title inured to her benefit as completely as if he had assented by the most solemn deed. (Paschal's Dig., Art. 4642, Note 1049.)

A void title cannot be a foundation for a claim for the value of improvements made in good faith. (Paschal's Dig., Art. 5300, Note 1147.)

A party who asks a new trial, on the ground of newly-discovered evidence, must satisfy the court that the evidence has come to his knowledge since the trial; that he had used due diligence; that it is not cumulative; and that it would probably produce a different result. (Paschal's Dig., Art. 1470, Note 566.)

APPEAL from Cherokee. The case was tried before Hon. JOHN D. DOCHARD, a special judge chosen by the parties, in place of Hon. REUBEN A. REEVES, one of the district judges.

The suit was an action of trespass to try title, and to recover a part of a location and survey, under the head-right certificate of Lawrence W. Simpson. The original petition described the plaintiff, "Mary Conner, who sues by her husband and next friend, John Conner," and the petition averred the facts to show that the suit was for the land as her separate property. By subsequent amendments, the wife was joined with the husband, and it was averred that the land was the separate property of the wife. An exception to the original petition was sustained, and the exceptions to the amended petition, and the objection to the permission to file it, were overruled, and the defendant excepted.

At the trial, the plaintiffs proved the property to be in the wife by location and survey, and the gift of the certificate to the wife with the assent of the husband, thus tracing the legal and equitable title to the wife, by deed to her, and consent and acquiescence by the husband to have the certificate so conveyed.

The defendant relied upon some written evidence of title to himself, and attempted to prove an outstanding title in Jose Maria Musquez, with whose survey the location conflicted. The evidence offered was a translated copy of the *testimonio*, certified to be a correct translation by Stephen Crosby, commissioner of the general land office. It was unsupported by evidence that the first original was an archive in the general land office. The plaintiff below objected to this evidence, and the objection was sustained. The main point in the case was as to the correctness of this ruling, although much of the contest took place upon the efforts of the defendant to establish that, if the plaintiffs had title, the land was community property, and not the separate property of the wife; and therefore the suit was wrongly brought. These points were raised upon the general charge of the court, and sundry counter instructions offered and refused.

The position of the judge and the finding of the jury were upon the hypothesis that Lawrence W. Simpson had sold his land certificate to Uriah Conner, and that Conner had directed the legal title to be made to his mother, in satisfaction of Simpson's title-bond, which Uriah held. And that, either before or after the death of Uriah, this was done, with the consent of the husband of the mother. The theory of the defense was, that Uriah Simpson had died intestate, and that descent was cast upon John and Mary Conner, his father and mother; and, therefore, the deed of Simpson to Mary inured to the benefit of the community, and was not a gift to the mother by the son. The defendant also relied upon the Musquez grant, and a title-bond in favor of John Conner for three hundred and twenty acres of that grant, and the fact that in the original petition the land was described as being part of the Musquez survey. But there was no proof that the land described in the title-bond conflicted with the Simpson location, or that the defendants claimed under John Conner's purchase under the Musquez grant. So that this defense must have rested upon the assumption that the husband was the owner, and not the wife.

As to the improvements, the defendant having failed to prove a paper title, the question of good faith was hardly in the case. But there was proof of valuable improvements, and of the value of the rent to exceed the value of the improvements. The jury, however, only found a verdict for the land, without noticing the issues about improvements and rents. Upon this verdict there was judgment, from which the defendant appealed.

From the bill of exceptions it appears that the defendant offered in evidence the Musquez grant, and the evidence that the plaintiff, John Conner, had purchased under this grant; also, that the defendant had bought the land under the Musquez grant, and paid for it; but no paper evidence of this purchase was offered, possibly because the

translated copy of the Musquez grant had been excluded. In the motion and affidavits for a new trial, however, the defendant swore that he expected to use the original *testimonio* as an outstanding title. The facts in this motion were, that Allen, who held this grant, had refused to allow the defendant to use it at the trial, but promised its use upon the next trial, and that it covered the land in controversy; that the *testimonio* had been on file in the general land office, from which it had been withdrawn; and that the defendant could use it on the next trial. The legal effect of this five-league grant was not considered.

The errors assigned went to these various rulings. They are sufficiently stated by the learned judge who delivered the opinion.

*M. Priest,* for appellant.—The right to amend is not extended to a case brought by an incompetent party, as there is no life in it to amend by. To be amended, the writ should have original vitality, and even then terms are imposed where new parties or a new cause of action are introduced.   (6 Tex., 531 and 561; 8 Tex., 46.)

The wife may either sue alone, under peculiar circumstances, and make her husband party plaintiff, or she may sue jointly with her husband, but in no case can she sue by her next friend. (O. & W. Dig., Art. 1396; 2 Tex., 378; 9 Tex., 297.)

There was no valid gift of the Simpson certificate or bond from Uriah Conner to his mother, Mary Conner. To make a valid gift, either *inter vivos* or *causa mortis*, possession is essential. Uriah Conner held Simpson's bond for title, and simply desired, some ten or twelve days before his death, that his mother should have it, and this unaccompanied by any act of possession. This is not sufficient to vest title in Mary Conner, and the subsequent transfer of the certificate by Simpson to her, after the death of Uriah, at the instance of a third party, T. J. Conner, was

unauthorized, as the right had already vested in the heirs of Uriah Conner. (1 Bouv. Inst., 276 and 277; Chevallier v. Wilson and Wife, 1 Tex., 161.)

It is no answer to say that John and Mary Conner were heirs of Uriah Conner, and in this character have rights. They do not so declare, and if they did, rights and defenses would then belong to defendant of which he could not avail himself in this suit, especially as to notice and pleas as to John Conner. The issue of joint tenancy is not presented in the pleadings, and the pleadings should give full defense, by presenting every issuable fact essential to the rights of parties.

*Donley & Anderson,* for appellees, filed a very long argument, which it is deemed unnecessary to condense.

COKE, J.—This is an action of trespass to try title to a tract of land lying in Cherokee county, instituted by John Conner, one of the appellees, for the use and benefit of Mary Conner, his wife, as her next friend. The land is averred in the petition to be the property of Mary Conner, and her title is solely relied on for a recovery. Several years after the commencement of the suit, by an amendment, Mary Conner was made a formal party plaintiff to the suit with her husband. There were a trial, verdict, and judgment, for the appellees, who were plaintiffs in the court below. Various exceptions were taken during the progress of the trial, by the appellant, to the rulings of the court, on which assignments of error are made in this court. Such of them will be considered as are deemed material to a proper disposition of the case.

The court below did not err in overruling the appellant's exceptions to the amended petition, making Mary Conner a formal party plaintiff to the suit. The power to grant amendments, when not forbidden by law, is a discretionary power in the court, which an appellate court will not in

general revise, especially when the amendment is of such a character as does not surprise, hinder, or delay the opposite party. (Austin & Clapp v. Jordan, 5 Tex., 133.) Such is believed to be the character of the amendment in question. It was optional with the appellee, John Conner, to sue alone, or join his wife with him, as the action is for the recovery of what is alleged to be her separate property. (Hart. Dig., Art. 2415, [Paschal's Dig., Art. 4636, Note 1043;] Cannon v. Hemphill, 7 Tex., 184; Bartlett v. Cocke, 15 Tex., 471.)

As at first brought, this was really a suit by John Conner alone; his description of himself in his petition, as "next friend" of his wife, was mere surplusage. The averments of the petition, to which we must look to determine its character and objects, shows it to have been a suit in which the husband was seeking the recovery of separate property of his wife for her use and benefit, as he was authorized by law to do.

Looking to the substance, and not to the form of the proceeding, and rejecting verbal surplusage, which could have had no manner of influence on the rights of either the plaintiffs or defendants below, it is believed that the subsequent amendment, by which Mrs. Conner was made a party to the suit, effected no change whatever in its character, and was therefore entirely immaterial, and could give the appellant no just ground of complaint.

The exclusion by the court of the translated copy of the *testimonio* of the Musquez title, offered in evidence by the defendant, is assigned as error. In this ruling we are of opinion that the court did not err. A translation is admissible in evidence only on the supposition that the original document could be offered in evidence without proof of its execution. (Houston v. Perry, 3 Tex., 393; same case, 5 Tex., 464.)

It is well settled, that the execution of a *testimonio* of title must be proved before it is admissible as evidence.

(Paschal v. Perez, 7 Tex., 348; DeLeon v. White,, 9 Tex., 589; Titus v. Kimbro, 8 Tex., 210; Word v. McKinney, Galveston T., 1860,) [25 Tex., 258.]

The original of this copy offered in evidence is private property, and the evidence in this case shows it to be in possession of a party bearing the same name of one of the parties alleged by the defendant to be the owners of the land covered by the Musquez title. It seems to have been deposited in the general land office to be recorded, and, while there, this translated copy was made, and the original document itself was subsequently withdrawn.

The commissioner of the general land office is author- ized to give certified copies, to be read in evidence, of all records, books, and papers, the legal custody of which belongs to his office. But his certificate will not give legal authenticity to papers which are mere private prop- erty, and which do not belong to or constitute archives of his office. (Herndon v. Casiano, 7 Tex., 322; Paschal v. Perez, 7 Tex., 348.)

Various instructions were asked by the appellant on the trial and refused by the court, and their refusal is assigned as error. We are of opinion that the court did not err in refusing them. So much of them as was proper to be given had been substantially embodied in the general charge already given to the jury.

It was sought on the trial by the appellant to defeat a recovery by the appellees, whose pleadings aver the title to the land to be solely in Mrs. Conner, by establishing one of two propositions: First, that the Simpson head- right certificate, by virtue of which Mrs. Conner claims the land in controversy, is community, and not her sepa- rate property; or, second, that the appellees, John and Mary Conner, own the certificate in equal interests, by inheritance from Uriah Conner, their deceased son. In- structions intended to make these points before the jury were asked by the appellant, and we think properly refused

by the court.  It is not questioned but that, when the hus-
band joins the wife in a suit to recover property as the
separate property of the wife, a recovery cannot be had,
unless the property be proved to belong to the wife, al-
though it be proved to belong to the husband.  (Owen v.
Tankersly, 12 Tex., 413; Moffatt v. Sydnor, 13 Tex., 628.)

In such a case the right of the wife only is in issue, and
it would be a departure from elementary principles to per-
mit a recovery on any other title.  It is simply intended to
say, that in this case the facts do not warrant such instruc-
tions as were asked.  The proof is abundant, clear, and
uncontradicted, that the title to the certificate was made to
Mrs. Conner by Simpson, in satisfaction and discharge of
his title-bond to Uriah Conner, which was delivered up to
him at the time; that Mrs. Conner did not pay one cent
for it, and that John Conner knew, approved, and con-
sented to the conveyance to his wife, and has ever since
spoken of it and treated it as his wife's separate property;
and he distinctly, in this suit, alleges it to be hers, and
seeks a recovery of the land alone on her title.  John
Conner alone had a right to contest the validity of the gift
by Uriah to his mother.  He alone had a right to object to
the conveyance by Simpson to her of the certificate in sat-
isfaction of the title-bond.  Having acquiesced in and con-
sented to it, he thereby invested her with the title to his
interest as completely as he could have done by the most
solemn deed of gift.  He is estopped from denying her
title.  (Story v. Marshall, 24 Tex., 307; Owen v. Tankersly,
12 Tex., 411.)

A purchaser from him, without notice of the rights of
his wife, or a creditor only, would have a right to question
the validity of Mrs. Conner's title.  Certainly a stranger,
occupying the position of the appellant, can have no such
right.  No defense which the appellant could make to this
action, no right which he could set up, has been cut off or
impaired by the relinquishment of John Conner of his

interest in this certificate to his wife. It is true that the appellant alleges in his answer that John Conner represented the Musquez or Allen & Dexter title to this land to be good, and induced him to purchase and pay out his money for it; but of this there is not a particle of proof. In short, the record does not disclose a single fact which tends to place the appellant in a position to interfere with or complain of the gift from Conner to his wife. Mrs. Conner's rights as against her husband were perfect, so far as the record shows, before the commencement of this suit, and the court very properly refused instructions which would imply that the contrary might be the case, when there was no evidence on which to predicate such a proposition. (Chandler v. Van Roeder, 24 How., 444; Austin v. Talk, 20 Tex., 155; Thompson v. Shannon, 9 Tex., 562.)

The general charge of the court is assigned as error. The assignment is so general, indefinite, and vague as not to be entitled to consideration, and we might well decline to regard it as an assignment of error, as it fails to specify the errors relied on. (Earle v. Thomas, 14 Tex., 583; Allen v. Stephanes, 18 Tex., 658.)

Upon an examination of it, however, while we perceive some errors and inaccuracies, none of them are deemed prejudicial to the rights of the appellant, or of such a character as to require a reversal of the judgment.

The overruling by the court of the motion for new trial is assigned as error. We are of opinion there was no error in refusing this motion. The verdict of the jury is, as we have seen on the question of title, in accordance with the law and the evidence. We are of opinion that it is equally so on the appellant's suggestion of improvements in good faith. The testimony shows very clearly that the value of the use and occupation of the land exceeds the value of the improvements. The appellant certainly has no right to complain of the verdict on this issue. Still less reason has

he to complain of the charge of the court on this point.
The jury were instructed in substance, that, if the appellant
honestly believed his title to be good, or that his vendor's
title was good, he was entitled to the value of his improve-
ments, &c.     This is clearly erroneous with reference to
the facts of this case, as it is not pretended that the appel-
lant has shown that either he or his vendor hold by any
claim or title derived from the government.     It is difficult
to perceive how a party can honestly believe that his title
is good, or how his possession can be in good faith, when
he is unable to trace his title back to the government, the
only source of title to land.     While a defective or irregular
apparent title may be the basis of a recovery for improve-
ments made in good faith, a void title (if such an expres-
sion may be used) cannot be. (Rogers v. Bracken, 15 Tex.,
568; Robson v. Osborn, 13 Tex., 298; Pitts v. Booth, 15
Tex., 454.)

The ground of the motion for new trial, principally relied
on, is the discovery alleged to have been made after the
commencement of the trial, of the *testimonio* of the Mus-
quez title, a copy of which was offered and excluded on
the trial. ·The motion is accompanied by the affidavit of
Thomas J. Allen, who swears that he has the original doc-
ument in his possession; that he exhibited it to the appel-
lant at a time, too late for the trial of the cause; that ap-
pellant requested the use of it, and he refused it, because
it was too late to file it and give notice, or to prepare proof
of its execution, as the witness lived in another county.
The appellant accompanies his motion with an affidavit,
which states that he used due diligence to procure this
testimony, without stating the acts of diligence.

It is incumbent on a party who asks a new trial on the
ground of newly-discovered evidence to satisfy the court,
first, that the evidence has come to his knowledge since the
trial; second, that it was not owing to the want of due dil-
xxx—8.

igence that it did not come sooner; third, that it is not cumulative; fourth, that it is so material that it would probably produce a different verdict if the new trial were granted. (3 Gr. & Wat. on New Trials, 1021; Burnley v. Rice, 21 Tex., 180.)

These requisites must concur to entitle the motion to prevail; a failure of any one of them is fatal. So far from conforming to these requirements, the motion and affidavits expressly negative the idea that a knowledge of the existence and whereabouts of the document in question came to appellant since the trial. With full knowledge of the facts he went to trial, without asking a continuance to enable him to make better preparation.

If the testimony had been discovered since the trial, and the motion filled the requirements of the law on that point, it is fatally defective in not showing that the appellant ever made an effort, or used any diligence to discover it before. It has been repeatedly held by this court, that allegations of diligence amount to nothing, but that the facts which constitute it must be averred, so that the court can decide for itself what amount of diligence, if any, has been used. No single fact of the kind is alleged in the motion. This suit has been pending since October, 1851. Certainly there was time enough to make preparation for trial. Having neglected to do it, the appellant cannot justly ask to be excused from the consequences of his own negligence, nor has he a right to complain, or to demand to be allowed a second opportunity to do what he could as well have done at first. If he has merit in his defense, it is his own fault that the record does not show it, the consequences of which he must bear. The appellees proved a location and survey of the land in controversy by virtue of a genuine and valid certificate, the title to which is in Mrs. Conner. The appellant showed no title in himself, nor did he prove title outstanding in any third person. The judgment is a cor-

rect legal conclusion from the pleadings and proof. The other points raised by the assignment of errors are not deemed of sufficient importance to require notice.

There is no error in the judgment requiring its reversal, and it is therefore

Affirmed.

[Donley, J., having been of counsel, did not sit in this case.]