| | |
|---|---|
| 50 | 583 |
| 84 | 368 |

### GEORGE MILLER v. J. M. BROWNSON.

1. PATENT AS TITLE.—In trespass to try title a patent to the plaintiff is evidence of title, unless the defendant shows a valid grant to some one else previous to the date of the location and survey on which plaintiff's patent was issued, or that defendant had the prior and superior equitable title to the land at the date of said patent.

2. PAROL EVIDENCE OF ACTION OF TRAVELLING BOARD.—Parol evidence offered to show the testimony before the travelling board of land commissioners, and that the board had determined to recommend a certificate as genuine, was properly excluded on the grounds that (1) no predicate was made authorizing such testimony as to the action of the board, and (2) the testimony was insufficient.

3. REPORT OF TRAVELLING BOARD.—The authority to patent upon first-class headright claims is based upon the report of the travelling board that the certificate is genuine, or if adverse, upon the certificate being established as genuine by suit. Any other evidence is insufficient authority.

4. COURT OF CLAIMS.—The Court of Claims had no jurisdiction over recommended certificates of the first and second class, nor had it power to validate certificates of those classes not recommended or established by suit.

5. POSSESSION AS AN EVIDENCE OF GRANT.—Possession by one having no title or claim to the land will not aid in the presumption of a grant to some one else. It tends to negative such grant.

6. PRESUMPTION OF GRANT.—See facts held insufficient to support the presumption of a grant.

7. SAME.—Possession of public land as a mere squatter, will afford no basis to presume a grant.

8. IMPROVEMENTS IN GOOD FAITH.—Something more is required to support the suggestion of good faith than a deed from one having neither title nor possession of the land.

9. SAME.—See facts held to negative good faith under a suggestion of possession in good faith and valuable improvements.

10. NON-PAYMENT OF TAXES BY PLAINTIFF IN TRESPASS TO TRY TITLE.—To preclude the recovery of rents by plaintiff in trespass to try title on account of his non-payment of taxes, such failure to pay must be shown in evidence. It is not sufficient to show the payment of taxes by the defendant in possession.

APPEAL from Victoria. Tried below before the Hon. H. Clay Pleasants.

October 13, 1877, Brownson brought an action of trespass to try title against Miller for one-third of a league of land patented March 15, 1877, to plaintiff, situated in Victoria county.

Miller pleaded not guilty; limitation of five and ten years; suggested possession in good faith and valuable improvements, and that the land was not part of the public domain at the time plaintiff's location was made, nor at the time his patent issued.

On the trial plaintiff exhibited in evidence a patent to himself for the land, of date March 15, 1877.

The case made by defendant was as follows:

A certified copy from the office of the county clerk of Victoria county, which showed that on July 26, 1838, the board of land commissioners of Victoria county issued to Michael Devine, who was a single man, a certificate for one-third of

a league of land; that his claim was proven by Ebenezer Jones and W. P. Brashear; the date of his emigration was July, 1836, and the number of his certificate 89.

A certified copy from the records of the county surveyor of Victoria county of the field-notes of a survey for one-third of a league of land, made for Michael Devine by Ed. Linn, district surveyor, on November 5, 1839, by virtue of certificate number 89, second class, issued to Michael Devine by the board of land commissioners for Victoria county. The land is the same sued for.

J. J. Groos, commissioner of the general land office, testified that "None of the file papers of the Michael Devine one-third league survey are in the general land office. They were lost before witness assumed charge of the office, in January, 1874. They are on the list of missing files. The file is number 15, Victoria, second class. The Michael Devine certificate, file number 15, was returned and filed in the general land office February 9, 1841. The survey was delineated on the map of Victoria county compiled in the land office in 1858, and on the first map of the county used in the office."

The defendant, after proving the existence and loss of the original certificate granted by the board of land commissioners of Victoria county to Michael Devine, and that the land office lists of the certificates which had been recommended as genuine by the travelling board, did not contain the M. Devine certificate, offered John J. Linn as a witness, by whom they proposed to prove that "he knew Michael Devine, the party to whom the certificate for one-third of a league of land had been granted; that he (Devine) was, in 1836, a citizen of Victoria county, and that he had known him from that time until some time in 1842, when he was drowned, which was very shortly after the board acted on his certificate; that he (the witness) was present when the travelling board held their meetings in Victoria, and heard the evidence given before them when said board were deliberating whether to recommend the certificate or not; and

that after hearing the evidence said board did decide to rec-
ommend said certificate as valid and genuine." The evi-
dence was objected to, because the same was an attempt to
contradict a record and was immaterial. Said objection was
sustained by the court and the evidence excluded.

Defendant Miller then read in evidence warranty deeds
to himself from John Guildeman, dated July and November,
1851, and duly recorded, for the land, and showed continuous
and uninterrupted possession and use, and payment of taxes
on the land since 1852; that the improvements made by
defendant on the land were worth from $1,500 to $2,500,
and the land worth from one to two dollars per acre without
improvements; that defendant had paid a valuable consid-
eration for the land; that there never had been any claim
made to the land by any one until Brownson located it, and
that Michael Devine was a citizen of Victoria from 1836 to
1842.

Plaintiff in rebuttal read from the record book of deeds
of Victoria county a tax title, a deed from P. A. Pridham,
assessor and collector, for the sum of $3, taxes assessed on
the Michael Devine one-third of a league, and levied for
1849, and sold January 23, 1850, to Charles Guildeman, for
the land.

As a predicate for reading the record, it appears by Miller's
bill of exceptions that after he had closed his case and the
plaintiff was introducing rebutting evidence,—the appellant
having deraigned his title no further back than to John Guil-
deman, and disclaiming any connection between Guildeman
and Devine, but relying upon his title by limitation, in con-
nection with his proof of the State having parted with title
prior to the beginning of plaintiff's title, and upon the pre-
sumption of a grant upon all the facts in proof,—the plaintiff
offered in evidence the record of the deed, to which defend-
ant objected, because no foundation had been laid for its
introduction.

Whereupon plaintiff proved by A. B. Peticolas, attorney for

defendant, (over defendant's objection,) that he had received of defendant a tax deed from Pridham to Guildeman for the Devine tract, and had, on the morning of the beginning of this trial, been asked to produce it; that he did not know whether the deed offered from the records was the same he had in his possession, as he had never compared them, and, not having intended to use the deed, had not examined it particularly. He had mislaid the original. Upon this the deed was read by plaintiff from the records.

Fisher, clerk in the land office, testified that " the register of second-class headrights shows that certificate number 89, for one-third of a league, issued by the board of land commissioners of Victoria county in the name of Michael Devine, was returned and filed in this office, with the field-notes of a survey of one-third of a league of land in Victoria county, in 1841. The file is missing. There is in this office a report of the travelling board upon certificates issued in Victoria county, in which the certificate of Michael Devine is not recommended; nor does it anywhere appear in the reports of the district clerks of of certificates established by suit. This file—number 15, M. Devine, second class—is on the list of missing files made up in the land office in 1875."

A bill of exceptions shows that after the testimony was all in, upon motion of the plaintiff, defendant's paper title, his proof of the issuance and location of the M. Devine certificate, and his evidence of twenty-five years' continuous possession, of his purchase in good faith and for a valuable consideration, and all his evidence, in so far as the same was offered to show title or to raise a presumption of a grant from the State, and in so far as it was offered for any other purpose than to show adverse possession in good faith,—was excluded.

Defendant objected to this ruling, because the question whether a grant from the government could be presumed was a question of fact and not of law alone, and must be determined by a jury; and also because whether defendant

had title by possession and under his recorded deeds, was also a question of fact to be found by a jury.

The court instructed the jury to find for the plaintiff the land and rents, withdrawing from the jury the questions of possession in good faith and value of improvements.

Objections were taken to the charge and counter-charges asked by the defendant, which were refused.

Verdict and judgment for plaintiff for the land and $50 damages.

The defendant appealed.

*A. B. Peticolas,* for appellant.

I. When, in a suit of trespass to try title, a direct issue is made by the defendant as to whether or not the land was public domain when patented to the plaintiff, and twenty-five years' peaceable possession is shown by defendant, and other facts, as in this case, in such a case the records of the County Court or of the general land office are not the only evidence admissible to show that a certificate had been recommended as genuine by the travelling board, when the certificate itself is lost.   (Graves *v.* White, 13 Tex., 126; Foster *v.* Wells, 4 Tex., 101; 1 Mart., (La., N. S.,) 442.)

II. When the purpose of parol evidence sought to be introduced is not to contradict a record, but to supply an omission in the record, it is admissible.   (Noble *v.* Shearer, 6 Ohio, 426.)

III. The record books of the County Court are not admissible as evidence of the contents of a deed therein recorded unless a proper foundation be laid for their introduction.   (1 Greenl. Ev., secs. 560, 562.)

IV. The court erred in not permitting the jury to pass upon the question of the presumption of a grant from the State, and in excluding from the jury defendant's evidence of title and length of possession.

The question whether a grant from the State may be presumed is always a question of fact for the jury, where there

is any evidence conducing to raise the presumption ; and in no case is it a conclusive presumption of law that the State has not parted with its title. (Taylor *v.* Watkins, 26 Tex., 698 ; Grimes *v.* Bastrop, 26 Tex., 314 ; Hill *v.* Spear, 48 Tex., 583.)

V. The certificate issued to Michael Devine being a certificate of the second class, and the evidence showing it was not fraudulent, it was not within the purview of the law to detect fraudulent certificates, that law being only applicable to fraudulent certificates and not to second-class certificates.

The board of land commissioners issued to M. Devine, who was a single man, a certificate for one-third of a league of land. His claim was proved by Ebenezer Jones and W. P. Brashear. He emigrated to Texas in July, 1836. Mr. Linn said he knew Michael Devine from 1836 to 1842, and that he was a citizen of Victoria county. The land was located and surveyed while Devine lived there. (Paschal's Dig., art. 4211; Peacock *v.* Hammond, 6 Tex., 544; Morris *v.* Byers, 14 Tex., 279.) All the cases in which the law has been applied, none of which are second-class certificates, are in 3 Tex., 52; 7 Tex., 266; 2 Tex., 311, 315, 319, 497; 23 Tex., 94; 28 Tex., 1; 30 Tex., 644; 6 Tex., 289; 1 Tex., 765, 790; 9 Tex., 601.

VI. Michael Devine being a citizen of Victoria county, his location of his certificate in 1839, duly mapped, gave him such an inchoate right as would be protected, and could not be affected by a law passed subsequently, when the aid of that law was invoked for the first time against an innocent purchaser for a valuable consideration, who had no notice of any defect in the title and who had had twenty-five years' continuous possession. ( Paschal's Dig., arts. 4267, 4268, 4269, 4277; Smith *v.* Power, 2 Tex., 72; Peacock *v.* Hammond, 6 Tex., 544; Howard *v.* Perry, 7 Tex., 267 ; Blythe *v.* Houston, 46 Tex., 65; Sulphen *v.* Norris, 44 Tex., 204.)

VII. The question of good faith is a question of fact for the

jury.  (Dorn v. Dunham, 24 Tex., 381; Hutchins v. Bacon, 46 Tex., 412; Spear v. Andrews, 48 Tex., 567.)

The court erred in refusing to submit to the jury the issue as to the existence of a grant upon the evidence of defendant.  (Taylor v. Watkins, 26 Tex., 698; Grimes v. Bastrop, 26 Tex., 314; Yancey v. Norris, 27 Tex., 46; Sulphen v. Norris, 44 Tex., 204, and briefs therein; 5 Tex., 414; 3 Tex., 159; 7 Tex., 332, 338.)

*Glass & Callender*, for appellee.

I. The testimony of Linn was properly rejected, because the law provides for record evidence of the recommending of headright certificates; and no predicate had been laid for the introduction of parol testimony by showing that the record testimony was lost or had become unattainable.

1. Because the action of the commissioners in recommending a certificate was a *quasi*-judgment, of which the law prescribed record evidence; and the testimony of Linn was offered not to prove the existence, loss, or contents of any such record, but to establish by parol evidence a judgment of the commissioners, of which it was not alleged any record had ever been made.

2. The law made the report of the commissioners to the land office the only evidence that a certificate had been recommended as genuine.  (Paschal's Dig., arts. 4211, 4214; Hart. Dig., arts. 1950, 1983, 1984.)

II. The defendant's counsel having been called upon to produce the deed, and having failed to do so, saying he had mislaid it, the secondary evidence of the record was admissible.

III. There was no evidence in the case from which the jury could presume a grant, the evidence adduced being utterly inconsistent with such a presumption.  (Taylor v. Watkins, 26 Tex., 698.)

IV. The examination of the travelling board extended to all headright certificates issued by county boards.  (Paschal's Dig., arts. 4129, 4211.)

The State excluded, and had a right to exclude, all whose certificates were not established as genuine in one of the modes prescribed by law; and a location on a certificate not recommended or established was void, whether made after or before the action of the commissioners. (Hughes v. Lane, 6 Tex., 293.)

V. Possession in good faith under the statute must be an adverse possession, and there can be no question for the jury in regard to improvements where there is no evidence tending to show defendant's possession for one year after the State had parted with the title.

Suit commenced October 13, 1877. Plaintiff showed patent to himself, issued March 15, 1877. No proof of date of survey for plaintiff was given. (Paschal's Dig., art. 5300.)

VI. A location made upon a headright certificate not recommended as genuine or established by suit cannot be the foundation of a claim for improvements in good faith, because (1) the possession cannot be adverse, the location being void and the title being yet in the State; (2) because he cannot be a possessor in good faith who cannot trace his apparent title back to the government. (Const. 1846, art. 2, sec. 2; Hatchett v. Conner, 30 Tex., 113; Rogers v. Bracken, 15 Tex., 568; Whitehead v. Foley, 28 Tex., 290.)

VII. The instructions asked by defendant were properly refused, because he had not averred any grant, and because the evidence in the case was such that a grant could not have been presumed. ( Williams v. Davidson, 43 Tex., 33.)

Ever since 1840, and before, a grant of land has been by public act recorded in the general land office; and possession and use alone are not sufficient to presuppose a grant, where there is no complaint that the record is destroyed. (Williams v. Davidson, 43 Tex., 33.)

MOORE, CHIEF JUSTICE.—The patent issued to appellee by the State for the land for which he sues, is certainly *prima-facie* evidence of title, and warranted the judgment in his

favor for the land, unless appellant showed a valid grant of it to some one else previous to the date of the location and survey upon which appellee's patent was issued, or that appellant had the prior and superior equitable title to the land at the date of said patent. The burden of proof establishing one or the other of these propositions was unquestionably on appellant. The first question for inquiry, then, is: Did the testimony offered by appellant legitimately tend to establish either of these propositions? Or, rather, was the testimony introduced by appellant, together with that offered by him and improperly excluded by the court, sufficient to establish either of them? If so, the judgment should be reversed; but if not, although the court may have erred in some of its rulings admitting or excluding evidence, the judgment of the court touching the title must be held to be correct.

Appellant did not attempt to prove, or even pretend, that there is, or was ever in existence any direct or primary evidence of a previous grant or patent for the land to that issued to appellee; or, if the land was subject to location and patent when sought to be acquired by appellee, that he had any equitable claim to or interest in it which appellee acquired by his patent; but he insists that the evidence adduced by him, together with that excluded by the court, was sufficient to warrant the jury in presuming that the State had granted the land to one Michael Devine, or to himself or his vendor, Guildeman, previous to its location and survey for appellee.

To maintain this proposition, appellant proved that the board of land commissioners of Victoria county, on the 26th of July, 1838, issued to Michael Devine, a single man, who emigrated to the Republic in the year 1836, a certificate for one-third of a league of land; that the land in controversy had been surveyed by virtue of this certificate by the district surveyor of Victoria land district on November 5, 1839, and delineated upon the.map of said district; and that the certificate was afterwards returned, with the field-notes of said

survey, to the general land office of the State, where it was filed February 9, 1841.

The evidence also shows that said certificate is lost from or out of the file in said office, as it is not in a list of missing files made up in said office in 1875. Appellant having also shown that said certificate had not been recommended by the commissioners appointed under the act of January 29, 1860, to detect fraudulent land certificates, to the commissioner of the general land office as genuine and legal, in their report and file in said office, "offered John J. Linn as a witness, by whom he proposed to prove that he knew Michael Devine, the party to whom the certificate for one-third of a league of land had been granted; that Devine was in 1836 a citizen of Victoria county, and that he had known him from that time until some time in 1842, when he was drowned, which was very shortly after the board acted on said certificate; that he (witness) was present when the travelling board held their meeting in Victoria, and heard the evidence given before them when said board were deliberating whether to recommend the certificate or not; and that after hearing the evidence said board did decide to recommend said certificate as valid and genuine."

The proposed evidence, however, was objected to by appellee and excluded by the court; and its ruling, in our opinion, is unquestionably correct,—not only because there was no proper predicate for its introduction, but also because if proved it could have had no bearing upon the matter to be determined. The determination of the board of commissioners in favor of the genuineness of the certificate, however clearly and conclusively shown, is wholly immaterial in view of the fact that their report shows that they failed to recommend it as genuine and valid; for a patent could not be legally issued on said certificate, admitting it to have been genuine, unless it was "returned as genuine and legal by the commissioners." (Hart. Dig., arts. 1946, 1950; Paschal's Dig., arts. 4218, 4222, 4223, 4245.) But it may be observed,.

in this connection, that the evidence of appellant in support of the genuineness of this certificate was insufficent to have warranted the board of commissioners in reporting it as valid. To have entitled Devine to a certificate for a third of a league of land, it must have been shown that he was residing in Texas at the date of the declaration of independence, (Const., Gen. Prov., sec. 10; Hart. Dig., arts. 1847, 1848,) or came to the Republic as a volunteer prior to the 1st of August, 1836. But there was no proof showing that Devine was a volunteer, or proof fixing the date of his emigration to Texas. The proposed evidence shows that Devine was a citizen of Victoria in 1836; but whether he came to the country prior to the declaration of independence, or as a volunteer prior to August 1, 1836, is not shown.

A like defect in the proof before the board may have induced the board, after announcing the contrary conclusion proposed to be proved by Linn, to decline, on more mature consideration, reporting the certificate as genuine. It is sufficient, however, to say that the commissioner of the general land office had no authority to issue a patent upon it unless it had been reported as genuine, or, if not so reported, had been established as genuine and valid by suit. The evidence before the court, together with that proposed to be introduced, neither proves nor tends to prove either of these facts; and, beyond all question, a grant cannot be presumed when it would be in plain violation of law for it to have been made. (Yancey *v.* Norris, 27 Tex., 40; Sulphen *v.* Norris, 44 Tex., 204; Grimes *v.* Bastrop, 26 Tex., 310; Williams *v.* Davidson, 43 Tex., 1.)

But it is argued by appellant that although the presumption of a grant may not have been warranted prior to the organization of the Court of Claims, that court was authorized to inquire into the genuineness of the certificate issued to Devine, and if it found it to be genuine the commissioner should write across the face of it the word "approved," after which a patent might have been granted upon it. If, how-

ever, the Court of Claims had any authority to inquire into the validity of this certificate, there is no evidence before the court tending to show that it did so, or that it found it to be genuine. The proposition, however, is based upon a total misconception of the object and purpose of the act organizing the Court of Claims. The genuineness of certificates of the first and second class had been passed upon by the board organized under the act of January 29, 1840, to detect fraudulent land certificates. Those reported as genuine by that board were not required to be presented to the commissioner even for registration, and those not thus reported and not established by suit brought for this purpose in the District Court prior to the 1st of July, 1847, and all locations and surveys thereon, were declared by the Constitution forever null and void. (Const. 1845, art. 11, sec. 2.) To have given to the Court of Claims authority to revalidate such certificates would have violated the spirit, if not the plain language, of the Constitution. Nothing of the sort was intended or attempted to be done by the Legislature by the act creating the Court of Claims. An examination of its different provisions clearly shows that claims for land—but only such as were *prima-facie* valid at the date of this act—were to be inquired into by the commissioner and "registered" or "approved" as therein directed, and not certificates which had been long previously declared by the Constitution absolutely null and void. (Paschal's Dig., art. 1110, *et seq.*)

There is another difficulty in this branch of appellant's case. He does not insist that the mere location, survey of land, and return of the certificate and field-notes to the general land office are sufficient to warrant the presumption of the grant, unless accompanied with a long-continued possession of it; but as he denies that he holds or claims title under the Devine certificate, and insists that the testimony offered by appellee to connect him with it was inadmissible, there is no evidence of possession of the land under this title to support the presumption that the survey made for Devine ever ma-

tured into a grant, or was not at the date of appellee's location and patent—what it was declared to be by the Constitution if not reported by the travelling board as genuine or not established as valid by suit—absolutely null and void. For, certainly, it cannot be insisted that the mere possession of an intruder, or one having no title or claim to the land, will warrant a presumption of a grant to some one else.   On the contrary, such possession no doubt strongly tends to negative and repel any such presumption.

And certainly if the facts do not warrant the presumption of a grant to Devine, if appellant does not claim under him he cannot ask the court to presume a grant to him or his vendor, neither of whom is shown to have had the land located or surveyed, or to have had any character of claim under which this could have been legally done.   Certainly it is not necessary for this court to say that it can find no warrant, to presume a grant from the simple fact of the uninterrupted possession of the public domain by a mere squatter upon it.   If grants are to be thus presumed, a patent, instead of being the best evidence of title to land, might be set aside as worthless by parol evidence of occupancy by a party without even color of title for such indefinite time as in the opinion of the jury should entitle him to the land.

If appellant did not claim the land under Devine, he shows no foundation for his plea of possession in good faith; for, unquestionably, something more is required to support this plea than a deed from a party having neither title nor possession of the land; and if appellant was not a possessor in good faith at the date of his entry under his deed, how and when did he subsequently become so ?   By the record of the surveyor's office he was charged with notice that no attempted appropriation of the land had been made except under the Devine certificate, under which he insists he does not hold. He must, then, have known that his improvements were being made upon land to which he had no valid claim.   If, on the other hand, his title is connected with the Devine certifi-

cate, as he is presumed to know the law, he is charged with notice that he was claiming through a tax title, land surveyed by virtue of a certificate denounced in the Constitution as null and void. Certainly a possession in good faith cannot rest on such a foundation. If a purchaser will not look to the character of title by virtue of which he enters and improves land, but will close his eyes and recklessly act on the presumption that any one who will sign a deed has a valid title, he has no one to blame but himself. (Robson *v.* Osborn, 13 Tex., 298; Hatchett *v.* Conner, 30 Tex., 104.)

These considerations render it unnecessary for us to determine whether the copy of the deed from the assessor and collector of taxes to appellant's vendor was admissible in evidence, or should on his objection to it have been excluded; or whether the statute gives pay for improvements by parties holding possession under a claim to land which they believe to be valid, though the land may have been a part of the public domain until within less than one year before the filing of the suit for its recovery. Nor are we called upon in this case, as it is here presented, to inquire whether, although our statute may not give to the possessor in good faith of a part of the public domain, pay for lasting and permanent improvements, he may not be entitled to relief upon principles of equity.

To preclude appellee from a recovery for the use and occupation of the land, it was incumbent upon appellant to prove that appellee had failed to pay the State taxes which had accrued upon the land. (Paschal's Dig., art. 3234.) There is nothing in the record from which we can infer that any such proof was adduced by him. Certainly the mere fact that appellant paid taxes upon the land does not tend to prove that taxes were not also paid by appellee; nor can we see from anything in the record that there were any taxes properly assessed against the land which were payable when the case was tried in the District Court. Unless the land was located on or before the 1st day of January, 1877, of which there was no

evidence, it was not subject to assessment for taxes for that year; and the taxes for the year 1878 were not payable prior to the trial of the case.

There being no error shown in the transcript of which appellant has any just cause to complain, the judgment is affirmed.

AFFIRMED.