erty into money for the purpose of placing it beyond the reach of their creditors." They gave bond and an attachment issued and was levied on property of defendants. At the return term, on motion, the court quashed the attachment and rendered judgment against defendants *in personam*, without foreclosing the attachment. Plaintiff appeals, assigning this ruling as error.

---

## INTERNATIONAL & GREAT NORTHERN RAILROAD CO. v. W. ZIMMFRMANN.

### SUPREME COURT, AUSUIN TERM, 1884.

*Rule of Court—Transcript.*—The rules of court require the clerk in preparing the transcript of the record for this court to state in the caption the day when the court ended its session.

*Judicial Notice.*—While courts will take judicial notice of the time when the terms of the different courts of the state commence, when fixed by statute, they cannot know the duration, or the day of adjournment, of the session.

*Right of Action—Surviving Wife.*—The surviving wife in possession of the homestead has sufficient title for her to maintain an action for damages for injuries to the property.

*Railroad Company—Burden of Proof.*—When property is destroyed by fire along or near a railroad track, it is shown that the fire occurred from sparks from the engine, then the burden rests on the railroad company to show that there was no negligence on its part in causing the fire.

Appeal from Comal county.

J. D. Guinn, for appellant.

West, J.:   In the caption of this transcript it is not stated, as always should be, when the district court finally adjourned.   Rules of district court No. 87).   We have on this account had some little difficulty in ascertaining at once, whether the statement of facts was in fact filed within ten days after the adjournment of the court, as was required by the order of the judge.   Courts of justice as a general rule, judicially know the time when the terms of the different courts of the state commence, when the time for their commencement is fixed by statute.   They could not, in the nature of things, however, in every instance, know the day of the final adjournment of the court.   It has been held by highly respectable courts, that while judicial notice will be taken of the time fixed for the commencement of the session of a court of record, that such like notice can not be taken of the *duration* of any particular session of such court.   (Whar. Ev. Vol. 1, Ch. 5; 1 Greenl. on Ev. Ch. 2, Sec. 6, Note 7 and 8).   In this case, however, while the record does not show on what day the session of the court ended, it does affirmatively appear from the record that it was in session on the 15th day of June, 1883, for on that day the order granting the time to prepare a statement of facts invocation was entered.   As the statement of facts was filed as a matter of fact in less than ten days after that order was entered, it may be said that the record in this case furnished sufficient evidence that the statement of facts was lawfully filed.   It therefore becomes unnecessary to determine whether we could take judicial knowledge of the duration of the sessions of the district courts of the state.   All necessity for inquiring into this matter would be obviated in every case, if the clerk of the court in preparing the record for this court, would comply with the plain and imperative rule of the court, which requires him in every instance, to state in the caption of the transcript, the day when the court ended its session.

Objection is here urged to the character of title exhibited on the trial by appellee.   The evidence disclosed that appellee and her husband had been in quiet and actual possession of the *locus in quo*, for eighteen years before this suit was instituted.   It also appears that the appellee after the death of her husband, had for four years before this action was brought, been in the undisturbed possession of the property injured, as her homestead as a surviving widow and a head of a family.   It also appears that all her children acquiesced

and consented to it. As a matter of fact without refering to their consent the surviving widow as the head of a family, is entitled during her life-time to the exclusive possession and enjoyment of the homestead. (R. S., Art. 2004, Cont. 1876, Art. 16, Sec. 52). This species of possession constitutes in itself sufficient title for her to maintain the present action for damages against this appellant. The appellant no doubt, and the record sufficiently shows this fact, enjoyed its right-of-way over the land, where the damage occurred, by the permission of the appellee or her husband. In such a case as this (and our opinion in this, as it ought to be in all cases, is confined to the state of facts, disclosed to us by the record), we believe the the appellee disclosed a sufficient title to maintain this suit, and to enable her to recover for her own benefit such damages as she could by proper proof show she sustained, through the negligence of appellant. The cases of May v. Slade, 24 Texas, 205, and Miller v. Brownson, 50 Texas, 592, cited and relied on by appellant, contain nothing at all in conflict with the rule laid down in this case. They present an entirely different state of facts from the case now under consideration.

The only remaining question to consider, is whether the jury were authorized under the proof in finding that the injury and damage from the fire complained of, resulted from the negligence of appellant. We have given the question of negligence in this connection much attention, and have examined all the authorities and adjudicated cases in our reach bearing on the question of damage by fire resulting from sparks emitted by passing railroad engines. Our limited time will not permit us, no do we deem it necessary in this opinion, at this late day, to treat at any great length of this question.

The general rule may be fairly stated to be under the present state of the authorities that when the property is destroyed by fire along or near the railroad track, if it be affirmatively shown as a matter of fact, that the fire did actually occur from sparks of fire emitted from the locomotive engine, then the burden, after such affirmative proof is made, rests on the railroad company to show, that there was in fact no negligence on its part, in causing the fire.

The reasons given for requiring such proof as to the want of negligence to be made, by the company seem to be good. The plaintiff can not in the nature of things, have access to the engine for the purpose of ascertaining if it is properly constructed and operated.

On the other hand the agents and employes of the road know or are bound to know, that the engine is properly equipped to prevent fire escaping, and they know in every instance whether any mechanical contrivance have been employed for that purpose, and they also know the character of such contrivances, and appliance. Persons like the plaintiff, wholly unconnected with the company, and who only see the company's trains as they daily pass over their land at a high rate of speed, have no means whatever of information on such subjects.

In order to charge the road, the jury must in every instance find affirmatively, that the sparks of fire causing the damage escaped from the smoke-stacks of its engines through the negligence of its servants or agents.

The burning, the injury, the escape of fire from the company's engine, and the negligence are all facts required to be alleged and proved in every case. But they can be proved like all other facts, by such pertinent evidence as will satisfy a reasonable mind of their existence.

Railroad companies undoubtedly have the legal right to run steam engines on their road, but they have no right to scatter sparks of fire along their track; and when it is found that this is done by them and the property of others is thereby destroyed, with no further explanation as to the cause of such destruction, the jury are under all the circumstances warranted in finding that there has been some negligence on the part of the railroad company.

We have been greatly aided in the examination and investigation of the law applicable to this case by the able and satisfactory opinion of the late Judge Ector, who as presiding judge of the court of appeals of the state, had occasion in the case of the H. & T. C. R. R. Co. v. McDonough to examine into this question. His opinion will be found well reported in the condensed reports of the decisions of that court in civil cases, recently published by Judges White and Willson of that court. (See sections 651 and 655; see also Texas & Pacific Railroad Company v. Levi Bros., Austin term S. C. 1883).

We have also in this connection examined many other cases. Redfield on Railroads, Vol. 1, Ch. 17. Pierce on Railroads, Ch. 16.

There is no material error in the judgment of the court below and it is affirmed.