### J. J. SETTEGAST v. MARY V. O'DONNELL.

Delivered April 29, 1897.

**1. Trespass to Try Title—Improvements—Recovery for by Defendant.**

To entitle the defendant in trespass to try title to the value of improvements, as against the successful plaintiff, he must have purchased and taken possession of the land under the belief that the title he acquired was superior to that of any other who might be a claimant to the property.

**2. Same—Taxes—Recovery for by Defendant.**

Defendant in trespass to try title is not entitled to recover from plaintiff, who succeeds in the action, taxes paid by him in good faith on the land, where the plaintiff also paid the taxes for the years in question.

**3. Same—Outstanding Title.**

Defendant in trespass to try title can not avail himself of an outstanding equitable title with which he does not connect himself, to defeat plaintiff's recovery.

**4. Adverse Possession—Not Continuous.**

Where, after the inclosure of land, the fence went to decay and the land remained open for two or three years before it was again inclosed, the adverse possession was not continuous.

ERROR from Harris. Tried below before Hon. S. H. BRASHEAR.

*Stewart, Stewart & Lockett,* for plaintiff in error.

*Hutcheson, Campbell & Sears,* for defendant in error.

PLEASANTS, ASSOCIATE JUSTICE.—The defendant in error instituted this suit against plaintiff in error on the 1st day of January, 1894,

for the recovery of 640 acres of land granted to James Hamilton by patent No. 158, volume 1. The defense to the suit was plea of not guilty, limitations of three, five, and ten years, with suggestion of improvements made on the land by defendant. Upon trial of the cause, a verdict and judgment were rendered for the plaintiff, and defendants bring the cause to this court by writ of error.

The first, second, third, and fourth assignments of error assail the rulings of the court in admitting and excluding evidence, over objection of the plaintiff in error; but as the bills of exception taken to the rulings have been, upon motion of defendant in error, suppressed by this court, these assignments can not be considered.

The fifth assignment of error is that the court erred in instructing the jury "that there was no evidence before them that the defendant believed he had a good title, and therefore they should find for the plaintiff on the plea of improvements in good faith." This assignment is presented as a proposition in itself, and the supporting statement is: "J. J. Settegast testified that he had purchased the land in controversy, together with other lands, from George Breaker, and that he had paid Breaker the sum of $3800, and had placed a house on the land worth $110, and a well worth $50, and a fence worth $25, and that he had not purchased the land from Breaker for the purpose of fixing up a tax title."

Assuming that this testimony is correctly cited from the statement of facts, we think it falls short of proving that the plaintiff in error was a possessor in good faith. Every word of the statement may be true, and yet the witness may not have believed that the title he was acquiring when he purchased the land and took possession thereof was superior to that of any other who might be a claimant to the property. Such must be the belief of everyone who claims to be a possessor in good faith, and his belief must rest upon reasonable grounds. We are informed of none of the circumstances under which defendant purchased the land; we are not even told what, if anything, he paid for the property in controversy. We think the court did not err in giving the instruction complained of. Dorn v. Durham, 24 Texas, 367; Hatchett v. Conner, 30 Texas, 104; Miller v. Brownson, 50 Texas, 597; Pitts v. Booth, 15 Texas, 454; Rogers v. Bracken, Id., 568; Robson v. Osborn, 13 Texas, 298; Parrish v. Jackson, 69 Texas, 614.

The sixth and seventh assignments are based, in part at least, upon the assumption that the court erred in excluding the deed from the tax collector; and as the bill of exceptions taken to the action of the court, as we have before remarked, has been suppressed, we doubtless might properly decline to consider the assignments. But, if we assume the court erred in excluding the tax deed, and consider the deed as in evidence, still we think there would be no right on the part of the defendant to recover of the plaintiff the taxes he had paid on the land, without proof that plaintiff had failed to pay the taxes assessed upon the property; and this is not shown in the supporting statement to either of the assignments. But, on the contrary, the evidence on the part of plaintiff

shows that the taxes on the land were regularly paid by him during the year in which defendant avers himself and those under whom he claims paid the taxes.

The doctrine announced in City of Henrietta v. Eustis, 87 Texas, 14, that a plaintiff who seeks to recover his land from a municipal corporation which has purchased the land at a void sale must, as a condition precedent to his having the validity or invalidity of the title thus acquired determined by the court, pay all taxes due on the land, is not applicable to this case. But it may be and doubtless is true that, in equity, a plaintiff who has not paid the taxes on his land, and by reason thereof the State has acquired a lien thereon, and that lien has been discharged by one who purchased the land at a void sale made by the tax collector, should not be permitted to recover the land from such purchaser without refunding to him the amount of the lien he had discharged. But this is not such a case, and the assignments which complain that the judgment is erroneous because the plaintiff did not redeem or offer to redeem the land, as provided by the statute, nor pay nor offer to pay to defendant the money expended by him in paying taxes on the land, can not be sustained.

There was no error committed by the court in refusing the charge requested by the defendant to the effect that, if the jury should believe from the evidence that the land in question was conveyed by James Hamilton in his individual capacity, and not for the South Carolina Land Company, and that the land was not owned by Hamilton, but was held by him for such company, then the plaintiff can not recover. There was no evidence before the court that the land was not the individual property of James Hamilton, and if it were a fact that the equitable title to the land was in the company, inasmuch as the legal title was unquestionably in Hamilton, he could convey to one who was ignorant of the existence of the trust a paramount title; and there is nothing in the record to show, so far as we have been advised by plaintiff, that the purchaser from Hamilton did not take a full and complete title to the land; and even if this was shown, and that such purchaser held the land in trust, as did Hamilton, for the South Carolina Land Company, the outstanding equitable title would not avail the plaintiff in error unless he connected himself therewith, and this he has not done.

There was no error in refusing either the third or the sixth charge requested by the defendant. The third announces a proposition of law which is in the abstract correct, but we discover nothing in the evidence which called for such announcement; and besides, the same proposition was involved in a charge which had been already given.

The sixth charge should not have been given, because the evidence did not warrant the submission of the issue which the charge presented. The issue submitted was whether or not the defendant had held actual, peaceable, adverse, and continuous possession of the land in controversy for five years next before the institution of plaintiff's suit, and had com-

plied with the other conditions prescribed by article 3342, Revised Statutes, for the acquisition of title to land by limitation.

The evidence did not support the plea of five years' limitation, because it failed to show a continuous adverse possession by defendant, under whom he claims, for the statutory period. If we concede that the pasturing of cattle upon the land by defendant, under the circumstances narrated by him, was such possession as the statute requires, such pasturing did not continue for five years. The inclosure of the land did not continue for that term of years, and after the fence went to decay the land remained open for some two or three years before defendant took possession and made his improvements; and placed a tenant in possession; and this possession was not taken until two or three years before the institution of this suit.

The tenth assignment, which is also submitted as a proposition, is that the court erred in refusing the following charge requested by the defendant: "If you believe from the evidence that defendant, or those under whom he claims, have had adverse possession of the land in controversy, in good faith, for at least one year next before the commencement of this suit, and that he entered upon said land under claim of title, and that he, or those under whom he claims, have made permanent and valuable improvements on the land sued for during the time he or they have had such possession, and that their improvements consist of a house and a fence and outhouses, then you will find for defendant in such amount as you believe from the evidence such improvements to be worth."

This assignment is not well taken. The supporting statement is the same as that made under the fifth assignment, and what we said in discussing that assignment is equally applicable to this as to that, and need not be repeated. The charge requested was properly refused.

The judgment is affirmed.

*Affirmed.*