## J. P. MILLS, GUARDIAN, ET AL. v. W. S. HERNDON.

### No. 6460.

**Administration—Jurisdiction.**—When an order appointing an administrator appears which fails to show on its face facts which disclose a want of jurisdiction it will be presumed, when the validity of the administration is questioned in a collateral proceeding, that facts existed authorizing the administration, and that jurisdiction of the Probate Court had properly attached.

APPEAL from Grayson.   Tried below before Hon. Eugene Williams.

The entry on the records of the Probate Court of Brazoria County appointing McGreal administrator in 1848, and to which reference is made in the opinion, was as follows:

"This day came on to be heard the petition of Thomas J. Green, representing that his brother, Charles P. Green (who formerly resided in this county, and belonging to the firm of C. P. Green & Co., of which he is the surviving partner), died some time in the fall of 1843, leaving some property in Texas in which the said deceased and the petitioner were jointly interested, and praying that letters of administration on said estate of C. P. Green may be granted to Peter McGreal, Esq.; and it having been proved to the satisfaction of the court that notice of the application has been given for ten days, by posting up advertisements, three in number, one at the court house and two others in said county, not in the same city or town, for all persons interested to appear and file their objections, and no objections appearing on file, it is considered by the court, ordered, adjudged, and decreed that letters do issue to the said Peter McGreal upon his entering into bond of the sum of $500; and it is further ordered that R. L. Clements, H. C. Wilcox, R. Rudder, and Samuel Harris (two to act) be and they are hereby appointed appraisers to make an estimated inventory of said estate."

*W. W. Wilkins* and *A. E. Wilkinson*, for appellants. — The County Court of Brazoria County had no jurisdiction to grant administration on the estate of Charles P. Green in the absence of any claims against his estate, of any property belonging to his estate in said county, or of any showing that he died in said county or resided there at the time of his death.   Duncan v. Veal, 49 Texas, 611; Wardrup v. Jones, 23 Texas, 494; Hearn v. Camp, 18 Texas, 551.

*T. J. Brown* and *W. S. Herndon*, for appellee.—The judgment of the Probate Court of Brazoria County ordering and confirming the sale are presumed to be correct, and the said orders can not be attacked collaterally unless it appear from the record that the court had no jurisdiction of the estate of the deceased.   Mills v. Herndon, 60 Texas, 353; Murchison v. White, 54 Texas, 82; Paul v. Willis, 69 Texas, 261.

HOBBY, JUDGE.—As stated in the brief of appellee, the only question in the case is whether the title of appellee is void upon its face or not. This title depends upon a sale made by an administrator of the deceased, under whom appellants claim.   Appellants claim that no facts existed that conferred jurisdiction upon the Probate Court of Brazoria County over the estate of C. P. Green.

Upon the former appeal of this cause by appellants, after stating the title under which appellee claims, the opinion set forth the application or petition for administration as recited in the order of the Probate Court appointing McGreal administrator.   The opinion then proceeds to recapitulate the statutory contingencies which must have existed to have authorized administration upon the estate, and disposed of the appeal in the following language:   " Owing to the defect in the record (that is the absence of the petition for letters of administration except as contained in the order appointing the administrator) it is suggested   *   *   *   that if upon another trial it does affirmatively appear from the record that the jurisdiction of the Probate Court did not attach in this particular case, then the proceeding must be considered void and subject to collateral attack," etc.   Mills v. Herndon, 60 Texas, 360.

The same record is now before the court as that mentioned in the opinion cited with reference to the petition or application for letters of administration.   It does not appear affirmatively upon the face of so much of the petition as is embraced in the order of appointment that the Probate Court was without jurisdiction.   The record is silent, and in that case it will be presumed that the facts were before the court which authorized the administration.   It appears from the application for the sale of the land that the estate was indebted and that the court did not transcend its powers in ordering the sale of the land.

Under repeated decisions of the Supreme Court the administration in this case is not subject to collateral attack, and it is entirely unnecessary to do more than refer to the cases already well known and familiar.   Alexander v. Maverick, 18 Texas, 194;  Murchison v. White, 54 Texas, 82, and cases cited.

We think the judgment of the court below should be affirmed.

*Affirmed.*

Adopted April 29, 1890.