CONRAD et al. v. HUGHES et al.
(No. 7360.)

(Court of Civil Appeals of Texas. Galveston. May 5, 1917. Rehearings Denied June 7, 1917.)

1. DEEDS ⬳112(1) — PROPERTY CONVEYED—REFERENCE TO OTHER DEED.

An instrument signed by P. transferring all his right "to the within deed," being recorded immediately after a deed to P., may be found to have been indorsed on such deed, and to be a conveyance of the land described in that deed.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 323.]

2. EVIDENCE ⬳372(7)— ANCIENT DEEDS—RECORDING—PRELIMINARY PROOF.

The record of a deed more than 30 years old, no claim adverse or inconsistent with that evidenced by the deed having been asserted within ten years after such record was made, is under Vernon's Sayles' Ann. Civ. St. 1914, art. 3700, admissible without proof of execution of the deed, though the deed was not acknowledged or proven for record, and though attacked by affidavit of forgery.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1621.]

Appeal from District Court, Ft. Bend County; Sam'l J. Styles, Judge.

Suit by Peter Conrad and others against W. P. Hughes and others. From an adverse judgment, plaintiffs appeal. Reversed and remanded.

D. R. Peareson, of Richmond, and Cobbs & Cobbs and J. M. Eskridge, all of San Antonio, for appellants. Searcy & Botts, of Brenham, for appellees.

PLEASANTS, C. J. This is a suit brought by the heirs of Frederick Cole, deceased, against appellee and other defendants to set aside a judgment of the district court of Ft. Bend county rendered on November 7, 1908, in a suit brought by appellee Hughes against Peter Conrad and a number of other defendants to recover a tract of 567⅓ acres of land, a part of the Peter Conrad one-fourth league grant in said county.

The petition of appellants is in the form of a motion for new trial filed in the suit last mentioned, and in addition to the allegations of the grounds upon which the judgment is sought to be set aside and a new trial granted, alleges ownership of an undivided one-half of the 567⅓ acres of land, and prays recovery of title and possession thereof against defendants. All persons in possession of the land claiming under said judgment were named as defendants, and served with citation upon said motion or petition. This petition was filed on June 30, 1914. On the 10th day of November, 1914, W. P. Hughes filed a reply to the motion for new trial, in which he denied all and singular the allegations made in said motion. (1) He denied that Frederick Cole ever owned any interest in the Peter Conrad one-fourth league of land; (2) denied that Frederick Cole was the son of Jeremiah Cole and Elizabeth Cole, as alleged in the petition; (3) denied that Frederick Cole was of unsound mind; (4) that since the rendition of the judgment in the case of W. P. Hughes v. Peter Conrad et al., he had sold the land to C. F. Helmuth, I. Artmann, Fred L. Tesch, and Charles F. Tesch. The other defendants Helmuth, Artmann, and Tesch filed an answer in reply to said motion for a new trial, adopting the answer filed by W. P. Hughes. The defendant C. F. Helmuth filed an affidavit charging that the original instrument purporting to be a deed from Peter Conrad to Jeremiah Cole was a forgery.

The undisputed evidence in support of the allegations of the petition excusing the delay in bringing the suit to set aside the judgment in the case of Hughes v. Conrad shows that Frederick Cole, who was one of the parties defendant in said suit was a nonresident of this state, and was cited by publication. He was non compos mentis from his childhood, and died intestate in an asylum in Maine on January 9, 1913, and he was not represented upon the trial of said cause except by an attorney ad litem appointed to represent all of the nonresident defendants. The appellants are his heirs at law. The overwhelming evidence shows that he was a son of Jeremiah and Elizabeth Cole, who died in 1839 and 1841, respectively. As the son of said parties he inherited one-half of their estate. In support of their claim of title to a one-half interest in the land in controversy, appellants, after filing affidavit of loss of the original instrument, offered in evidence the record of the original grant from the commissioners of Austin's Colony to Peter Conrad of the one-fourth league of land of which the land in suit is a part as shown in Record Book A of the Deed Records of Ft. Bend county. The record of this grant was No. 57 in said record book. Immediately following the record of this grant in said book was the following record numbered 58, which was also offered in evidence by appellants:

"Republic of Texas, County of Brazoria.

"That Peter Conrad at present of the county and republic aforesaid have this day sold, alienated and released unto Jeremiah Cole of the county and republic aforesaid all my title, interest and claim as well for myself, heirs and legal representatives to the within quarter league of land for and in consideration of the sum of sixteen

---

hundred and fifty dollars, the receipt of which I hereby acknowledge.

"Given under my hand and seal this 29th day of January, 1838. Peter Conrad. L.–L.

"Test: Willis A. Faris. Thos. Cole. G. W. Cummings. Robert H. Grimes.

"The foregoing transfer from Conrad to Cole in the original is attached to the translation of the original grant to Conrad, and was entered of record the 11th day of May, 1838.

"Joseph H. Barnard,
"County Clerk and Recorder."

These records were offered in evidence under the following agreement of attorneys representing the parties:

"That the record of the instrument offered in evidence shown in Book A, pages 55, 56 and 577, Deed Records of Ft. Bend county, Texas, and the said indorsement following as recorded in said Deed Book A is in the handwriting of Jos. H. Barnard, who was then county clerk of Ft. Bend county, Texas, and that the said book is the original book of entry as originally transcribed from the original instrument by said clerk. * * * The undersigned parties for the purpose of saving expense have and do hereby agree with each other that either party may use in evidence either the record or a certified copy thereof, or the original of any instrument of record without filing among the papers of this case either the original or certified copy thereof and give three days' notice thereof, and without accounting for the original of such instrument, provided always that such instrument offered would be admissible in evidence if the party offering same had complied with the provisions of article 3700, Revised Statutes of Texas. Either party reserves the right to object to any instrument when offered in evidence upon any grounds other than those waived by section 1 of this agreement."

The defendants objected to this record as evidence upon the following grounds:

"(a) We desire to interpose an objection to the introduction of that deed what purports to be a deed from Peter Conrad to Jeremiah Cole. In the first place, the deed, we claim, has no such description of the property attempted to be conveyed that is sufficient to make a valuable deed; in other words, that the deed itself simply says, or what purports to be a deed, that he transfers the within quarter of league of land, and that that of itself is insufficient to convey the title because it can refer to any quarter league of land as well as to the Conrad quarter league.

"(b) We object to the memoranda that the clerk attempts to make with reference to that deed, for the reason that he had no authority to make it; it was not within his duty to make a memoranda of that sort—the law required him to make a copy of the instruments that were filed in his office that had been properly acknowledged, and any private memorandum or notation that the clerk may have on his docket with reference to any instrument that he recorded, a certified copy of it could not be used in evidence.

"(c) We further object to it for the reason that it was not acknowledged or proven as the law required instruments at that time to be proven in order to be admitted to record. The statute at that time required an instrument that was admitted to record that could be recorded by the clerk to be proven by some subscribing witness.

"(d) Now, to restate the position that we take with reference to that deed, the first is that it insufficiently described the land, they claim that by reason of the memorandum, which they say was made by the clerk at the recording of the deed, which we object to, that that goes back to the other instrument. Now, those were two separate and distinct instruments, and they have separate file marks, and they have separate numbers; that instrument don't say that it was attached to anything; the instrument says that it transfers the within quarter league, not that it transfers the attached quarter league, but it transfers the within quarter league, indicating that it was written upon the back of some other deed."

When said objections were made and while the same were being argued it was suggested to the court and in accordance therewith the court withheld the ruling, and took the objections along with the evidence in the case to be passed upon after hearing the evidence, all parties consenting thereto, that is, consenting that the ruling of the court could be held in abeyance until he heard testimony on the objections.

In addition to the agreement before set out, appellants, after showing by certified copy from the general land office that on May 1, 1857, Peter Conrad was granted by the Mexican government, acting by the commissioners of Austin's Colony, a one-fourth league of land in Ft. Bend county, of which the land in controversy is a part, introduced in evidence the inventory of the estate of said Peter Conrad filed in the probate court of said county December 29, 1838, which inventory does not show any land belonging to or claimed by said estate. It was further shown that there was no other grant to Peter Conrad of land in Ft. Bend county. The Peter Conrad one-fourth league of land in Ft. Bend county was inventoried as a part of the estate of Jeremiah Cole on November 27, 1859, as shown by the probate records of said county. In 1860 W. J. Cole, a son of Jeremiah Cole, executed an instrument, which was duly recorded in the deed records of Ft. Bend county, in which he recites that, acting for himself and his brother, who is of unsound mind, he has contracted with Thomas W. Masterson to institute suit against the administrator of his father's estate and his bondsmen and recover whatever amount may be due by said administrator, and binds himself to transfer and deliver to said Masterson one-fourth of all real and personal property that he may recover. In 1861 Wm. J. Cole executed a power of attorney to John Adriance, authorizing him to take possession of, sell, and convey all lands owned by the donee in the state of Texas.

Under these instruments a number of transfers and retransfers have been made of land on the Peter Conrad one-fourth league survey. There is no evidence of any conveyance of land by persons claiming under Peter Conrad other than persons claiming through and under Jeremiah Cole. It was shown that Joseph H. Barnard, the county clerk of Ft. Bend county who made the record in Record Book A before copied, has been dead a number of years. At the conclusion of the introduction of the evidence the objections to the introduction in evidence of the record

In Record Book A, before copied, were again presented and were sustained. After sustaining these objections the court rendered the following judgment:

"W. P. Hughes v. Peter Conrad et al. No. 6843.
　　"In the District Court of Ft. Bend County,
　　　　　　　Texas.

"On this day, March 28, 1916, in regular order came on the second amended motion of the petitioners, Daniel F. Cole et al., for a new trial of this cause, which amended motion was filed herein on —— day ——, 1916, with permission of the court, and the court having heard said application and having heard the evidence and argument of counsel relating thereto took the matter under advisement, and on April 17, 1916, did announce its decision, and does on said date overrule and deny said application and motion for a new trial to all of which actions and judgment of the court the said petitioners did except and in open court did then and there give notice of appeal from said decision to the Court of Civil Appeals of the First Supreme District of Texas, to be holden at Galveston, Texas."

[1] Under sufficient assignments of error the appellants complain of the ruling of the trial court sustaining appellees' objections to the introduction in evidence of the record shown in Record Book A of the Deed Records of Ft. Bend county before set out. One of the questions presented by these assignments was before this court in the case of Herndon v. Vick, 33 S. W. 1011, in which suit the instruments under consideration were offered as a deed to Jeremiah Cole, the party under whom appellants in this suit claim title. The case went to the Supreme Court upon writ of error, the opinion of that court adopting the opinion of the dissenting justice of this court, holding that the instruments should have been admitted in evidence, is reported in 89 Tex. 469, 35 S. W. 141.

[2] The instrument in this case, which it is claimed should be regarded, when read in connection with the record of the grant immediately preceding it on the pages of the record book, as a conveyance of the land described in the grant, was not acknowledged or proven for record as was the instrument under consideration in the case of Herndon v. Vick, but this record was made 70 years ago, and no claim adverse to or inconsistent with the one evidenced by such instrument was asserted until more than 10 years after such record was made. We think under article 3700, Vernon's Sayles' Statutes, the record or a certified copy thereof was admissible without proof of the execution of the instrument; and such record being more than 30 years old, it was admissible notwithstanding an affidavit of forgery was filed by one of the defendants. Holmes v. Coryell, 58 Tex. 680.

The ruling of the court sustaining the objection to the introduction in evidence of the instruments in question conclusively shows that he did not consider said instruments in reaching the conclusion that plaintiffs' petition for a new trial should not be granted, and in thus disposing of plaintiffs' claim of title to the land in controversy. Our conclusion that this ruling was erroneous requires that the judgment be reversed, and the cause remanded, and it has been so ordered.

Reversed and remanded.