**SHERWOOD et al. v. SHERWOOD et al.
(No. 6437.)**

(Court of Civil Appeals of Texas. San Antonio. Nov. 3, 1920. Rehearing Denied Dec. 1, 1920.)

1. **Appeal and error ⚖➝1010(1)—Findings supported by evidence not disturbed.**

Where the trial court's finding that a grantor was of unsound mind when deeds were executed is supported by the briefs and statement of facts, it will not be disturbed.

2. **Limitation of actions ⚖➝44(6) — Statute does not run against action to set aside deeds until death of incompetent grantor.**

Limitations did not run against the right of a grantor of unsound mind or her heirs to set aside the deeds until her death, the heirs having until then no right to sue.

On Motion for Rehearing.

3. **Trespass to try title ⚖➝53—Rentals recoverable from defendant in possession under deeds though not collecting rents.**

Where a party acquires deeds to land and takes possession thereof, necessitating a suit in trespass to try title to recover the land, the successful plaintiff is entitled to rentals though defendant has not collected any rent.

4. **Cancellation of instruments ⚖➝58—Grantee not chargeable with rent except from date of occupancy.**

In a suit to cancel deeds on the ground that the grantor was of unsound mind, defendants are not chargeable with rent except from the date of their occupancy.

5. **Cancellation of instruments ⚖➝57—Court held authorized under pleadings to partition property.**

Where the petition in a suit to cancel deeds prayed for restitution of the possession of the property to the estate of the grantor or to her heirs, and for all legal and equitable relief both general and special to which plaintiffs might be entitled, and the heirship of plaintiffs and defendants were established, the court had power to partition the property.

Appeal from District Court, Kendall County; R. H. Burney, Judge.

Suit by Hez Sherwood and others against Walter Sherwood and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

George Powell, of San Antonio, and W. F. Hays and W. G. Davis, both of Boerne, for appellants.

Claud J. Carter, Ben H. Kelly, and Ernest Fellbaum, all of San Antonio, for appellees.

COBBS, J. H. Sherwood, Frank Sherwood, and Lillie Sherwood-Gambs, joined by her husband, Ernest G. Gambs, appellees, as the surviving heirs of Mary Ann Sherwood, deceased, brought this suit against Walter Sherwood and others, appellants herein, to cancel two deeds conveying certain real estate, as follows: A deed dated 12th day of April, 1913, signed by Mary A. Sherwood, conveying to Charles Sherwood, for a cash consideration of $2,500, lots in the city of San Antonio, Bexar county, and the other a deed dated the 12th day of April, 1913, signed by Mary A. Sherwood, conveying to Walter Sherwood, for a recited cash consideration, paid, of $2,100, lots in San Antonio, Bexar county.

The grounds upon which the suit is predicated were undue influence and total mental incapacity at the time to make a contract or execute valid deeds.

There is also a prayer for rents, restitution of said property to the estate of Mary A. Sherwood, deceased, and for general relief.

Appellants filed exceptions, pleas of the statute of limitations of two and four years, and responsive answers. general and special.

Walter Sherwood intervened and alleged he was the son of Frank Sherwood, deceased, and entitled to a share with Lillie Sherwood Gambs, who constitute the heirs of Frank Sherwood, deceased.

By supplemental pleading the appellees set up in reply to the appellants the disability to sue, because of Mary A. Sherwood's incapacity, until her death, and the minority of some of the heirs.

The case was tried before the court without a jury, and the court rendered judgment canceling the deeds, and gave judgment for rents.

The court upon request filed findings of facts and conclusions of law. There is also filed a statement of facts.

The first, fifth, and seventh assignments present as error the judgment of the trial court in sustaining the contentions of appellee and in canceling and setting aside the two deeds because not supported by the testimony in respect to her mental condition at the time of the execution of the several deeds.

The finding of facts by the court is very definite on that subject, to wit:

"Mary A. Sherwood was at said time of the execution of said deeds and each of them and for some time prior thereto, and subsequently thereafterwards continuously down to the date of her death, of unsound mind, that at the date of the execution of the said deeds she did not have sufficient mental capacity to comprehend and understand the nature and extent of her property rights and was incapable of forming a rational judgment as to the disposition she should make, or was at the time making of the property described in said deeds, and did not have the mental capacity to make an independent and rational disposition of any of her property, of her own accord."

[1] An examination of the briefs of counsel and the statement of facts thoroughly supports the finding, and it will not be disturbed. The law is so plain and well settled in cases

⚖➝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of this kind it is not necessary to cite any case in support of our conclusions.

There are various assignments insisting that the claim for rents and use of the property is barred by the statute of limitations of two and four years.

[2] Mary A. Sherwood died on the 21st day of April, 1918. This suit appears to have been filed on the 19th day of October, 1918. Therefore, prior to 21st day of April, 1918, there was no statute of limitations running against her or her estate until after her death. The heirs until that event were under a disability and could not sue until then, and, as no sufficient time since has elapsed to bar the claim, it cannot be sustained. Conrad v. Hughes, 195 S. W. 1181.

These assignments are overruled.

Appellants claim by a number of assignments the court erred in rendering judgment for rents and adjudging property to appellees and intervener in common.

The court found under the evidence that the three children and three grandchildren and intervener named were the sole heirs at law of Mary A. Sherwood, deceased. Hence, the district court having jurisdiction to hear and determine this case under his findings and in response to the pleadings, the proper judgment was rendered.

We have considered all the assignments, and, finding no merit therein, they are overruled, and the judgment of the court is affirmed.

## On Motion for Rehearing.

The appellants complain that the court has not sufficiently found the facts in this case, and he desires a more full finding for the purpose of applying for writ of error, in case this motion is overruled.

The trial court found, and was supported by the evidence, that Charles Sherwood and Walter Sherwood each had exclusive possession, use, and enjoyment of the property described in their respective deeds for some time prior to the death of their mother, Mary A. Sherwood, on August 21, 1918, and that the reasonable rental value of the property conveyed to Charles Sherwood has been $30 per month from the date of the death of Mary A. Sherwood to the date of trial, amounting in the aggregate to $540; that the property conveyed to Walter Sherwood and held by him had a reasonable rental value of $50 per month from the date of the death of Mary A. Sherwood to the date of the trial, amounting in the aggregate to $900.

The court also found that Mary A. Sherwood, at the time of the execution of the deeds, on the 12th day of April, 1913, and down to the date of her death, which occurred on the 21st day of August, 1918, and at the making, execution, and delivery of said deeds, and each of them, was continuously, down to the date of her said death, of unsound mind, and did not have sufficient mental capacity to comprehend and understand the nature and extent of her property rights, and was incapable of forming a rational judgment as to the disposition she should make of said property, of her own accord.

The deeds were duly filed for record in Bexar county on the 14th day of April, 1913.

These are the material facts as we understand it, that appellants desire us to find, which we accordingly do.

At any rate, the findings of the court on all the subjects passed upon and considered in our opinion are thoroughly supported by the evidence.

Appellants' theory is that there can be no recovery for rent, because there is no testimony tending to show "the collection of any rent from the property in controversy, and especially the sums and amounts decreed as recovery against appellants, and this is a little short of a disregard of the law and the facts of the case made by the trial court."

[3, 4] This is a very erroneous conception of the law. Where a party acquires deeds to land and takes possession thereof, which requires a suit in trespass to try title to recover, the plaintiff recovering is entitled to rentals and improvements. Evetts v. Tendick, 44 Tex. 572; Evitts v. Roth, 61 Tex. 86; Ammons v. Dwyer, 78 Tex. 642, 15 S. W. 1049. Of course, defendants are not chargeable with rent, except from the date of their occupancy. Armstrong v. Oppenheimer, 84 Tex. 368, 19 S. W. 520.

[5] In answer to the contention that the court was without jurisdiction to decree a partition of said property, on the alleged ground that no cause of action was set up, appellants have overlooked the plaintiff's petition, which is a very clear statement of appellees' cause of action, stating the facts necessary to support the relief, and prays for the cancellation of the deeds, the restitution of the possession of said property to the estate of the said Mary Ann Sherwood or to the heirs at law of her body as may appear, and for costs, and for the reasonable rental of said property, and all legal and equitable relief, both general and special, to which they may be entitled in the premises. Under this prayer for relief, all the parties being before the court, and their heirship and interests being established, the court in its general equitable powers had the right to administer all of the necessary and proper relief. It would be unnecessary to merely decree a recovery between the same parties and then go through another suit for its partition and distribution.

The motion for a rehearing is overruled.