Mary MORRIS, Appellant,

v.

Beulah Holden RATLIFF, Individually and
as Administratrix, et al., Appellees.

No. 15039.

Court of Civil Appeals of Texas.

Dallas.

March 16, 1956.

Rehearing Denied April 27, 1956.

Further Rehearing Denied May 25, 1956.

**420**

Wm. Andress, Jr., Dallas, for appellant.

Virgil R. Sanders, Frank Cusack and W. R. Herring, Dallas, for appellees.

DIXON, Chief Justice.

Our opinion heretofore rendered in this case is withdrawn and the following opinion is substituted therefor:

This suit was brought by appellees Mrs. Beulah Holden Ratliff, individually and as administratrix with will annexed of the estate of Lillian Holden, deceased, and her husband, W. W. Ratliff, as plaintiffs, against appellant Mary Morris and First Baptist Church of Dallas, as defendants, to cancel two deeds and to quiet title to certain real estate consisting of a house and lot in Dallas, Texas. Neither appellant Mary Morris nor appellees are kin of the decedent Lillian Holden.

Appellees alleged that on April 6, 1951 Lillian Holden, a person advanced in years, executed a deed to the property in question to the appellant Mary Morris for a consideration of $5 cash, and the agreement by Mary Morris to procure an attendant to stay with her, Lillian Holden, as long as she was ill, and thereafter to pay for her funeral expenses, and to erect a marker upon her grave.

Appellees further alleged that First Baptist Church in Dallas was claiming some right, title or interest in the property by virtue of an instrument purporting to be a deed dated about April 17, 1951,

Lillian Holden died May 8, 1951. Appellees alleged that she left a will designating appellee Mrs. Beulah Holden Ratliff as devisee of the real estate which is the subject matter of the suit.

Appellees sought cancellation of the two deeds above mentioned on the ground that at the time the instruments were executed Lillian Holden, grantor, did not possess sufficient mental capacity to understand the nature and effect of her acts in executing the deeds. They prayed not only for cancellation of the deeds but that title be quieted in Beulah Holden Ratliff; and that Beulah Holden Ratliff have judgment for rents collected by Mary Morris who has been in possession of the property since the death of Lillian Holden.

The First Baptist Church of Dallas filed a disclaimer. It did not further appear in the trial, and is not a party to this appeal.

Appellant Mary Morris filed a plea of not guilty, a general denial, recited her deed of April 6, 1951, and pled that in conformity to her agreement she procured and paid for the services of an attendant for Lillian Holden, paid for her funeral expenses and a marker on her grave, and various of her other expenses, regularly paid taxes and mortgage installments, and in addition had made repairs on the property. She prayed that appellees take nothing and in the alternative that she be reimbursed for her expenditures.

Trial was to a jury. After appellees had put on their evidence and rested, appellant filed a motion for instructed verdict on the ground that appellees had failed to make out a prima facie case in trespass to try title. The motion was overruled. Appellant then declined to offer any evidence. The jury thereafter returned a verdict finding that at the time Lillian Holden executed the deed to Mary Morris she did not

have sufficient mental capacity to know and understand the subject matter of such deed and the consequences of her act in signing it. The rental value of the property was found to be $70 per month. Judgment was rendered cancelling and setting aside the two deeds, awarding title and possession of the property to Beulah Holden Ratliff, as administratrix, and granting her as administratrix judgment against Mary Morris in the amount of $1,446.50, being the rental value of tthe property from May 11, 1951 to December 7, 1954, less expenses paid by Mary Morris.

Appellant's first and second points assert error in awarding title to appellee as administratrix because there are no pleadings to support such award, and because title vested upon the death of testatrix in her devisee, not in her executrix.

In our opinion the two points are not well taken. Plaintiff's petition expressly states that Mrs. Beulah Holden Ratliff comes into court individually and as administratrix and that she sues in such dual capacity. Our statutes provide that suits for title and possession of lands, or for any right attached thereto may be instituted by executor, and that every executor shall use diligence to collect claims and recover possession of property. Arts. 1981 and 3429, V.A.C.S. It is true, as appellant says, that when a person dies leaving a lawful will, all of his estate vests immediately in the devisees or legatees. Art. 3314, V.A.C.S. But the devisees take subject to the lawful administration of the estate and an executrix in her representative capacity, as part of her full administration of the estate, must secure and collect the assets for the estate in order to comply with the terms of the will and distribute the assets to the parties, including creditors, entitled to receive them. Harrison v. Craddock, Tex.Civ.App., 178 S.W.2d 296; 14 Tex. Jur. pp. 334–337. Moreover appellant did not challenge the capacity or authority of appellee to sue by filing a verified pleading as provided by Rule 93(c) and (e), Texas Rules Civil Procedure. Boothe v. Blanchette, Tex.Civ.App., 208 S.W.2d 105;

Cheatham v. Riddle, 12 Tex. 112. Appellant's first and second points are overruled.

Appellant says that this is a suit in trespass to try title and that appellees are not entitled to recover because they did not establish a chain of title from the sovereign of the soil, or from a common source.

As we view it, this is not a statutory action in trespass to try title. It is first and foremost a suit to cancel two deeds though it does incidentally involve title. It is the settled law of this State that a deed executed by a person of unsound mind is voidable, not void. Until it is set aside it conveys the entire title to the land in question. A person claiming adversely to such deed cannot recover title until the deed is set aside. Therefore an action in trespass to try title will not lie to recover the land. The proper action is one to cancel the deed, and that being done, the court may then do justice by entering judgment vesting title as a consequence of the relief primarily granted. Neill v. Pure Oil Co., Tex.Civ.App., 101 S.W.2d 402 (writ ref.); Harrison v. Craddock, Tex.Civ.App., 178 S.W.2d 296. Appellant's third and fourth points are overruled.

In her fifth point appellant says that the probate court had no jurisdiction to appoint appellee as administratrix because the claim to cancel appellant's deed is the only property right of decedent known to exist, consequently there was no estate to be administered.

We see no merit in this contention. Appellee administratrix testified that she did not file an inventory, and that she did not know the extent of the estate. However the record before us includes her original application for appointment as administratrix, in which application she alleges that decedent died seized and possessed of real and personal property of a probable value of $8,000, including the real property involved herein, and that there was a necessity for administration in that there existed two or more debts against the estate. The probate court's order appointing her recites that due proof was taken in the

manner required by law and that there was a necessity for administration upon the estate. We find no other evidence in the record touching on the extent of decedent's estate.

Under such circumstances the validity of appellee's appointment is not subject to collateral attack. Unless it affirmatively appears that the court did not have jurisdiction, appellee's appointment cannot be questioned in this suit. Though there may be omissions in the record, that fact will not support an inference in a collateral attack that the court lacked jurisdiction to appoint an administratrix. Mills v. Herndon, 77 Tex. 89, 13 S.W. 854; Old Volume 13, Tex. Jur. 686, sec. 105, "Decedents' Estates." Appellant's fifth point is overruled.

Appellees offered in evidence a purported deed from decedent to the First Baptist Church of Dallas dated April 17, 1951. Appellant's deed from decedent was dated April 6, 1951. Appellees in their brief say, "The fact of the execution of the deed dated April 17, 1951 to the First Baptist Church was not for the purpose of establishing a chain in the title, but solely on the issue of mental capacity of Lillian Holden." The assumption that decedent had executed two deeds to the same property to different persons only eleven days apart was referred to by one medical witness as a fact which supported his conclusion that decedent was suffering from senile dementia. It was also used by appellees' attorney in propounding questions to another witness. Further, appellant says in her brief, and it is not contradicted, that it was the basis of emphatic argument to the jury by appellees' counsel.

■ Appellant objected to the introduction of this deed on the ground that as to appellant it was hearsay and further that it had not been properly proven. The court overruled the objections and the instrument was introduced into evidence.

In our opinion it was error under the circumstances to admit the deed in evidence. We need not concern ourselves with the legal effect of a compliance with Art. 3726,

V.A.C.S., for it is undisputed that neither the original deed nor a copy of it was filed among the papers in the suit three days prior to the date of the trial. Wiggins v. Fleishel, 50 Tex. 57. Rule 93(h), T.R.C.P. is not applicable for two reasons: (1) This is a fact situation in which a third party, not appellant herself, is charged with having executed the instrument; and (2) so far as appellant is concerned the deed was not an instrument upon which a pleading was founded within the meaning of the Rule.

It is true that as to the First Baptist Church the deed was the basis for a pleading seeking cancellation. But the First Baptist Church disclaimed and the issue of cancellation of this particular deed went out of the case. It had never been an issue as to appellant. Appellant did not seek cancellation of the deed for it could have had very little effect on appellant's legal title as it was executed and dated subsequent to appellant's deed.

The sole purpose of introducing the deed is made clear by appellee's statement in her brief: "The fact of the execution of the deed dated April 17, 1951 to the First Baptist Church was not for the purpose of establishing a chain in the title, but solely on the issue of mental capacity of Lillian Holden." Under the circumstances and in view of the purpose for which the instrument was offered we think that in the face of appellant's objection it was necessary for appellee to prove execution of the deed.

■ The general rule is that a private writing must be proved to be genuine before it can be admitted in evidence, especially when offered against a person not a party to it. 17 Tex.Jur. 684, 685. And the rule is applicable to deeds. Wiggins v. Fleishel, 50 Tex. 57; 17 Tex.Jur. 728. It is true that as to merely collateral facts of such a nature that they cannot be considered important in determining the ultimate issues of the case, slight proof of execution is sufficient. This subject is discussed in McCormick and Ray, "Texas Law of Evidence," at page 923. But in our opinion this exception to the general rule is not appli-

cable here, for the execution by decedent of the questioned deed was relied on by appellees and represented to the jury as important evidence to show that decedent was lacking in mental capacity. And decedent's mental capacity was the most important ultimate issue in the case.

Appellant herself testified that she had searched the deed records, had found a record of a deed from decedent to the First Baptist Church and that the original deed offered in evidence looked like the recorded instrument, but that she didn't know. Appellees say this is sufficient evidence of execution of the instrument. We do not believe that it is, but if there can be any doubt, the doubt is removed by a consideration of the rest of appellant's testimony in this connection. She testified that she never heard decedent call herself anything but Lillian and this second deed bore the name Lillie, and that it did not look like decedent's handwriting or signature. We sustain appellant's sixth point.

Appellant's seventh point complains because some of the medical records of Baylor Hospital were referred to and read into the record by one of the doctors, who offered medical testimony. The witness was Chief of Physio-Therapy Department at Baylor Hospital. He brought his departmental records with him from the Hospital. He testified that he knew they were the medical records of decedent made there at Baylor during the course of treatment of decedent; that they were made in the hospital and in his department; and contained complaining causes and progress reports made from time to time during her stay, including all initial work and laboratory reports. They are part of the permanent records of the hospital. Some of the notations were made by the witness himself. The witness further testified that he remembered the patient himself, having seen her a lot of times while she was there. In our opinion, under Art. 3737e, V.A.C.S., it was permissible for the witness to refer to and read from the records. Appellant's seventh point is overruled.

Appellant contends that one of the medical witnesses was disqualified under Art. 3716, V.A.C.S., "The Dead Man's" statute, because he was an interested party in that he admitted his sole chance to be paid his medical bill was for appellees to be successful in cancelling appellant's deed. In our opinion the witness was not disqualified under the statute. It has been held that an attorney whose fee was contingent upon the outcome of a lawsuit is not disqualified as an interested party. Davidson v. Gray, Tex.Civ.App., 97 S.W.2d 488; Logan v. Thomason, Tex.Civ.App., 199 S.W.2d 210. Certainly a doctor whose bill is not contingent, but whose chance to collect might depend on, or at least might become better with the success of one party in litigation, is not an interested party in the statutory sense. We overrule appellant's eighth point.

Appellant's ninth and tenth points attack the medical testimony offered by appellees on the ground that their opinion evidence went to the ultimate legal issue, and besides was without adequate factual basis. The evidence in question seems to us to conform to the rule stated in Adamson v. Burgle, Tex.Civ.App., 186 S.W.2d 388 (writ ref.), and King v. King, Tex.Civ.App., 242 S.W.2d 925, reversed for other reasons 150 Tex. 662, 244 S.W.2d 660. Appellant's ninth and tenth points are overruled.

In her eleventh and twelfth points appellant complains that judgment was awarded against her for the rental value of the property while in her possession, and that she was not allowed credit for $600 spent by her for improvements. Appellant's position is not tenable. It is the value of (not the amount spent on) improvements made in good faith and which enhance the value of the property, that appellant might have been entitled to offset against the rental value of the property during the time appellant was in wrongful possession. Sherwood v. Sherwood, Tex. Civ.App., 225 S.W. 555 (Dism.); Black v. Garner, Tex.Civ.App., 63 S.W. 918, affirmed 95 Tex. 125, 65 S.W. 876; 7 Tex.

Jur. 1014. We find no evidence in the record as to the value or good faith of the improvements in question, nor did appellant request that any issues be submitted to the jury pertaining to such issues. Appellant's eleventh and twelfth points are overruled.

Because of the error in admitting in evidence without proof of its execution, of the deed of April 17, 1951, the judgment of the trial court is reversed and the cause remanded for another trial.

### On Second Motion for Rehearing.

Appellees assert that the deed from Lillie Holden to First Baptist Church was properly admitted in evidence under Art. 3737b, V.A.C.S. We quote from their second motion for rehearing:

" * * * the Legislature in enacting Article 3737b evidently had in mind just this character of situation, for in that Article it was made necessary that the offered evidence must be proved to the satisfaction of the Judge. In the instant case the Judge was satisfied, had compared the disputed instrument with the admittedly genuine instrument, and after such comparison admitted it in evidence * * * The Court having properly admitted the Deed in evidence under the comparison of handwriting rule the burden rested upon the appellant to timely request the submission of appropriate issue as to its execution, with an appropriate instruction to the jury that it should not consider such Deed in the event they found that the decedent had not executed the same."

As pointed out by appellant, Art. 3737b does not authorize the trial judge in a jury case to pass on the genuineness of the questioned or controverted signature, but only on the standard of comparison. Accordingly, the trial judge in this case could pass on the genuineness of the signature on the deed from Lillian Holden to Mary Morris, which was admitted in its original form without objection; but could not pass on the genuineness of the signature on the deed from Lillie Holden to First Baptist Church, which would be the subject of determination by the jury under proper circumstances. Nass v. Nass, Tex. Civ.App., 224 S.W.2d 280, affirmed 149 Tex. 41, 228 S.W.2d 130.

It seems to us that on rehearing appellees are taking inconsistent positions in this case. In their second motion for rehearing, quoted above, they take the position that the burden rested upon appellant to request submission of an appropriate issue with an instruction relative thereto. In a supplemental motion they take the position that an issue could not have properly been submitted, since an ultimate issue was not involved.

If we were to hold (which we do not) that it would have been proper to request submission of an issue as to the genuineness of the signature on the questioned deed, we think the burden would have rested on appellees to make the request. They were the plaintiffs in the suit. It was they who offered the deed in evidence. Theirs was the burden to prove its execution.

We do not agree with appellees' interpretation of Art. 3737b, V.A.C.S. with reference to the fact situation in this case. No one testified after comparing the signatures on the two deeds that the signature of Lillie Holden on the deed to First Baptist Church was genuine. If, as claimed by appellees, under the circumstances the comparison was to be made by the jury, the jury were never told to do so. By simply admitting the deed in evidence unconditionally, the court in effect vouched for the genuineness of the signature. How was the jury supposed to know that it was to make its own comparison?

In our opinion Art. 3737b will not support the admission into evidence of the questioned writing without some proof of its execution by Lillian Holden.

The second motion for rehearing is overruled.