**Lydia Wagner FRICKE, Appellant,**

v.

**R. P. WAGNER, Appellee.**

No. 10586.

Court of Civil Appeals of Texas.

Austin.

June 25, 1958.

On Rehearing July 30, 1958.

Second Motion for Rehearing Denied Aug. 20, 1958.

C. C. Jopling, La Grange, for appellant.

Albert R. Young, Houston, John C. Marburger, La Grange, for appellee.

GRAY, Justice.

Appellant here complains that the trial court erred in sustaining appellee's motion for summary judgment.

Appellant, Lydia Wagner Fricke, and appellee, R. P. Wagner, are the daughter and son respectively of Alma Wagner, Deceased. During her lifetime and on July 25, 1950, Alma Wagner, a widow, executed two deeds whereby she conveyed to appellee approximately 600 acres of land in Austin and Fayette Counties. On the same day she executed two other deeds whereby she conveyed to appellant two tracts or lots of land. One lot was located in the town of Round Top, Texas and the other in La Grange. There was a store building on each of the lots and Alma Wagner retained a life estate in each of the lots.

The above deeds were deeds of gift and disposed of all of the property of Alma Wagner except a pension received by her.

Alma Wagner died March 14, 1957, and on May 5, 1957, appellant filed this suit to set aside and cancel the above deeds and as grounds therefor she alleged that prior

to and on July 25, 1950, Alma Wagner was mentally incompetent to execute the deeds and that the deeds were executed as the result of undue influence exerted by appellee on Alma Wagner. She prayed that the deeds be cancelled and set aside.

Appellee answered by a plea of limitation of four years, Art. 5529, Vernon's Ann.Civ.St., and by a special exception to appellee's plea of undue influence. Subject to his plea of limitation and special exception appellee alleged that appellant is estopped to assert her alleged cause of action because: (a) She knew of the execution of the deeds; she caused the same to be recorded, and at the time the deeds were executed Alma Wagner resided in appellant's home and she made no complaint to Alma Wagner or to appellee about the deeds; (b) at all times after July 25, 1950, appellant continued in possession of the two deeds conveying property to her, she did not protest their execution and filed no suit to cancel said deeds but fully recognized the title passing to her, together with the benefits and profits accruing thereby, and (c) she did not institute any proceeding of lunacy or in guardianship against Alma Wagner and did not offer to take her deposition for the purpose of perpetuating her testimony under Rule 187, Texas Rules of Civil Procedure.

Appellee filed his motion for a summary judgment and relied on the allegations of his answer.

The parties filed amended and supplemental pleadings together with affidavits.

No action was taken on appellee's special exception and it is not necessary that it be disposed of.

The trial court sustained appellee's motion for summary judgment and denied appellant any recovery by her suit.

By his affidavit Dr. E. T. Williams said that Alma Wagner was his patient during the years 1950 to November, 1953; that she was senile and suffered from ailments that required her hospitalization in March and June, 1950, and that she was seriously ill and mentally confused. He expressed his opinion that during the entire month of July, 1950, and for some time thereafter she did not have the mental capacity to understand ordinary business transactions nor the consequences thereof; that she did not have the mental capacity to understand the nature of the deeds of July 25, 1950; that due to her old age, and the many complications and illnesses she suffered, she could not thereafter have regained the mental capacity of an ordinary prudent person, and that she would not have been able to remember the execution of the deeds.

Mrs. Chas. Witte, the operator of a rest home, stated in her affidavit that Mrs. Wagner was a patient in her home from May 30, 1954, to her death with the exception of two or three weeks when she was in a hospital. She stated that Mrs. Wagner could not remember things, that she did not remember people, that she did not know what was going on and that she did not know or understand what was being said to her. She detailed other occurrences and expressed her opinion that Mrs. Wagner was of unsound mind.

We think it is not necessary to further detail or discuss the affidavits on file for the reason that the above is sufficient to show the existence of fact issues as to the mental capacity of Mrs. Wagner on July 25, 1950 as well as the removal of her disability, if any, after the execution of the deeds. Swink v. City of Dallas, Tex. Com.App., 36 S.W.2d 222.

Under appellants' petition the deeds in question are voidable, however until they are cancelled or set aside they conveyed the title to the lands therein described. Appellant prayed that the deeds be set aside and annulled. The suit then was for the cancellation of the deeds and the four year statute of limitation as urged by appellee was applicable. Pure Oil Co.

v. Ross, 131 Tex. 41, 111 S.W.2d 1076, and authorities there cited.

The right to sue for cancellation of the deeds accrued to Mrs. Wagner on July 25, 1950 and more than four years had elapsed from that date to the filing of this suit. However if at the time the deeds were executed Mrs. Wagner was not mentally competent to execute them then limitation did not begin to run against her until her disability was removed. Swink v. City of Dallas, supra. Art. 5535, Vernon's Ann. Civ.St., provides:

"If a person entitled to bring any action mentioned in this subdivision of this title be at the time the cause of action accrues either a minor, a married woman, a person imprisoned or of unsound mind, the time of such disability shall not be deemed a portion of the time limited for the commencement of the action and such person shall have the same time after the removal of his disability that is allowed to others by the provisions of this title."

What we have said shows that fact issues were presented as to Mrs. Wagner's mental capacity to execute the deeds in question and for that reason it cannot be said as a matter of law that the right to cancel the deeds was barred four years after the right accrued. Nor can it be said that Mrs. Wagner's mental capacity was restored at any stated time, if at all.

Appellee claims the land through deeds to him from his mother and if those deeds were not effective because the grantor was not mentally competent to execute them then appellant as an heir of the grantor now has an interest in the land. However during her mother's lifetime appellant had no such interest and could not, individually, sue to recover such interest. Sherwood v. Sherwood, Tex.Civ.App., 225 S.W. 555, Er. dism.; 15-A Tex.Jur. p. 256, Sec. 48. If the cause of action was not barred during Mrs. Wagner's life then upon her death appellant stood in her mother's shoes and could avoid the deeds if they were not binding. 15-A Tex.Jur. p. 256, Sec. 49. Of course we recognize that it was necessary to cancel the deeds to appellee before appellant could recover her interest in the lands therein described.

Appellant's petition seeks a cancellation of the four deeds which were all executed on the same day when it is alleged the grantor was mentally incompetent to execute them. There is no pleading and no proof that the deeds to appellant were in any manner conditioned on the deeds to appellee or that they were a part of the same agreement. The affidavits of W. D. Bryan, who prepared the deeds, and that of appellant are contradictory and are in conflict as to what was said, what occurred and who gave instructions as to the deeds at a time when the parties were in his office. At any rate the deeds appear to be separate and distinct conveyances and in no manner dependent on each other. The elements alleged by appellee as estoppels against appellant are not established by such certainty as will constitute an estoppel as a matter of law. In Peoria Life Ins. Co. v. Poynor, Tex.Civ.App., 297 S.W. 788, 790, Er. dism., it is said:

"Before an estoppel can arise as a matter of law, there must be certainty to every intent, and the facts alleged to constitute it are not to be taken by argument or inference. No one should be denied the right to set up the truth unless it is in plain contradiction of his former allegations or acts."

We attach no controlling importance to the allegation that appellant did not institute lunacy or guardianship proceedings against Mrs. Wagner nor to the failure to take her deposition under Rule 187. Even if lunacy and guardianship proceedings might have been proper the alleged failure of appellant to take such steps were evidentiary only and subject to explanation.

An attempt to take Mrs. Wagner's deposition would have been an act inconsistent with appellant's pleading that she was mentally incompetent. At any rate the affidavits of Dr. Williams and Mrs. Witte deny her mental capacity to testify.

▇▇▇▇ The judgment of the trial court cannot be sustained for the reason that material issues of fact were presented and Rule 166–A, Texas Rules of Civil Procedure, is not authority for the trial court's action. In Haley v. Nickels, Tex.Civ.App., 235 S.W.2d 683, 685, we said:

"When the trial court proceeds to hear the motion for summary judgment, we do not think Rule 166–A either directs or authorizes him to then decide the issues of fact presented, but only to decide, from what is then before him, whether or not any genuine issue of fact as to any material matter is presented, and whether or not, as a matter of law, the moving party is entitled to judgment."

Appellant's plea that the deeds were executed as a result of undue influence exerted by appellee on Mrs. Wagner does not appear to have been developed. However in view of our disposition of the appeal and appellee's special exception supra we refer the parties to Long v. Long, 133 Tex. 96, 125 S.W.2d 1034 wherein seven rules of law pertaining to undue influence are set out.

The judgment of the trial court is reversed and this cause is remanded.

Reversed and remanded.

On Appellee's Motion for Rehearing

In his motion for rehearing appellee calls our attention to an error in our statement of this cause of action. We acknowledge our error and make the following statement in lieu of that contained in our original opinion.

During her lifetime and on July 25, 1950, Alma Wagner, a widow, executed four deeds whereby she conveyed to appellee approximately 600 acres of land in Austin, Washington and Fayette Counties. On the same day she executed two other deeds whereby she conveyed to appellant two tracts or lots of land in Fayette County. One lot was located in the town of Round Top, Texas, and the other in La Grange. There was a store building on each of the lots and Alma Wagner retained a life estate in each of those lots.

The above deeds were deeds of gift and disposed of all of the property of Alma Wagner except rentals received by her from the properties conveyed to appellant.

Appellee argues that by accepting benefits under the deeds conveying property to her appellant elected to accept such conveyances and thereby ratified the deeds to him and that by reason of such facts she is estopped to assert the invalidity of such deeds.

Appellant does allege that the deeds to her are invalid and seeks to have the same cancelled and set aside. If these deeds were the only ones in question then appellee's argument would have merit however the real controversy is as to the conveyances to appellee which deeds, as we stated in our original opinion, are not shown to be conditioned on the deeds to appellant and are not shown to be a part of the same agreement if any, resulting in the conveyances to appellee or to appellant but the several deeds appear to be separate and distinct transactions. In this state of the record appellant's contention that the deeds to her are invalid can neither aid nor prejudice appellee.

We remain convinced that by the record before us genuine issues of fact are presented and that appellee is not entitled to judgment as a matter of law. This view, in this summary judgment proceeding, requires that the trial court's judgment be reversed and this cause remanded.

Our original opinion is corrected as above stated and to that extent appellee's motion for rehearing is granted but in all other respects it is overruled.

Motion granted in part and in part overruled.